### WILLIAM T. SULLIVAN'S CASE.

Suffolk. March 16, 1914. — May 25, 1914.

Present: RUGG, C. J., LORING, SHELDON, & CROSBY, JJ.

*Workmen's Compensation Act. Words,* "Incapacity for work."

</div>

Under St. 1911, c. 751, Part II, § 9, providing for the payment to an injured employee of a weekly compensation "while the incapacity for work resulting from the injury is total," the Industrial Accident Board have a right to find that an employee, who sustained an injury requiring the amputation of his right arm, was totally incapacitated for work until the day when he first was able to obtain work that a one-armed man could do, although he was capable of doing such work about five months before he succeeded in procuring it.

SHELDON, J. This employee sustained an injury which necessitated the amputation of his right arm, and for which it is admitted that he was entitled to compensation. But the insurer contends that on May 31 following the accident he was physically able to go to work, and that for this reason his right to be compensated for an incapacity for work ceased on that day, regardless of the question whether he was or was not able to procure work. The facts found by the committee of arbitration and, on

review, by the Industrial Accident Board are, that from May 31 to October 25 he did not work, that he diligently endeavored to secure employment and was unable to obtain work because of the loss of his arm, but that on May 31 he was capable of doing the work which he finally procured, or any work which a one-armed man could ordinarily perform. Upon these facts and as an inference therefrom it further was found that he was in fact unable to obtain any work at which he could earn wages during the period from May 31 to October 25, and he was awarded compensation for a total incapacity for work during that time.

Our statute provides for a weekly compensation while "the incapacity for work resulting from the injury is total." St. 1911, c. 751, Part II, § 9. The expression "incapacity for work" was taken from the English workmen's compensation act of 1906 in which it was provided that the amount of compensation to be paid, "where total or partial incapacity for work" resulted from the injury, should be certain weekly payments. Accordingly decisions of the English courts fixing the meaning there to be given to these words are of weight. *McNicol's Case*, 215 Mass. 497, 499, 501.

The same words were used in an earlier English statute; and it was held by the Court of Appeal in *Clark* v. *Gas Light & Coke Co.* 21 T. L. R. 184, that the object of the act was to give compensation for an inability to earn wages, and that, if an injured employee after repeated efforts could not get an opportunity to earn wages, a finding that his earning power was gone and therefore that he was under an "incapacity for work" was warranted, although he had a physical capacity to work and earn money. The same principle has been affirmed in other English decisions, that an inability to obtain work resulting directly from a personal injury is an incapacity for work within the meaning of this act, although a like inability resulting from some other cause, such as an altered condition of the labor market, would not be so. The inability to get work is evidence tending to show an incapacity for work, although it will not always be conclusive. *Radcliffe* v. *Pacific Steam Navigation Co.* [1910] 1 K. B. 685. *Cardiff & Co.* v. *Hall*, 4 B. W. C. C. 159, and [1911] 1 K. B. 1009. *Brown* v. *J. I. Thornycroft & Co.* 5 B. W. C. C. 386.

This doctrine of the English courts was settled finally in two

decisions of the House of Lords. *Ball* v. *William Hunt & Sons,* 5 B. W. C. C. 459, overruling *S. C.* in the Court of Appeal, [1911] 1 K. B. 1048; and *McDonald* v. *Wilson's & Clyde Coal Co.* 5 B. W. C. C. 478.

In our opinion these decisions are correct in principle. The object of our statute was to give compensation for a total or partial loss of the capacity to earn wages. *Gillen's Case,* 215 Mass. 96, 99. If, as in this case, the injured employee by reason of his injury is unable in spite of diligent efforts to obtain employment, it would be an abuse of language to say that he was still able to earn money, that he still had a capacity for work, even though his physical powers might he such as to enable him to do some kinds of work if practically the labor market were not thus closed to him. He has become unable to earn anything; he has lost his capacity to work for wages and to support himself, not by reason of any change in market conditions, but because of a defect which is personal to himself and which is the direct result of the injury that he has sustained. He is deprived of the benefit which the statute promises to him if he is told that because he could do some work if he could get it, he is not under an incapacity for work, although by reason of his injury he can obtain no opportunity to work. But we said in *Donovan's Case,* 217 Mass. 76, that the statute was to be construed broadly for the purpose of carrying out its manifest purpose.

The Industrial Accident Board had a right to find that this employee was totally incapacitated for work until October 25, and to award him compensation upon that basis. The decree of the Superior Court must be

*Affirmed.*

*E. C. Stone,* for the insurer.
*J. H. Mulcare,* for the employee.