## JOSEPH T. DUPREY'S CASE.

Suffolk.   October 9, 1914. — November 2, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act*, Appeal, Amount of compensation.

Where a committee of arbitration, appointed in a proceeding under the workmen's compensation act in accordance with St. 1911, c. 751, Part III, §§ 5,7, St. 1912, c. 571, § 12, found that a period of total disability of the injured employee had ceased on a certain day, and then found that the employee agreed to a settlement on a basis of partial disability for a certain period following that date, the employee is not precluded, at a hearing by the Industrial Accident Board on a review of the findings of the committee, from claiming compensation on the basis that "the incapacity for work resulting from the injury" continued to be "total," under § 9 of Part II of the act.

On an appeal from a decree of the Superior Court confirming a decision of the Industrial Accident Board, questions as to the propriety of the admission by the board of certain evidence will not be considered unless the record shows that the appellant objected at the hearing before the board to the admission of the evidence.

*Whether,* at a hearing before the Industrial Accident Board under St. 1911, c. 751, Part III, § 10, St. 1912, c. 571, § 13, it is proper for the chairman of the board to read and for the board to consider a report in writing, made by a physician who had been appointed by the board to examine the employee under § 8 of Part III of the act, the physician not being present nor sworn as a witness, was not decided on this appeal by the insurer from a decree of the Superior Court confirming a decision of the board, the insurer not having made any objection to the evidence at the hearing before the board.

Where at a hearing before the Industrial Accident Board it appears that an employee who had received injuries through a fall was, when injured, sixty-eight years of age, blind in one eye, partially deaf and lame, that, because of his injury, he was totally incapacitated for all work except that which would allow him to remain seated, and that he had endeavored to obtain work and had been unable to find any which the incapacity due to the injury would not prevent him from performing, a decision awarding the employee compensation under § 9 of Part II of the act on the ground that he was suffering from an "incapacity for work resulting from the injury" which was "total," is warranted although, when injured, the employee was a "man of failing physical powers" who "within a few years" probably would "have been incapacitated for work as a result of physical weakness independent of his injury."

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board relating to compensation to be paid to Joseph T. Duprey.

The case was heard first by a committee of arbitration, whose report stated the following facts among others:

Duprey, while employed as a carpenter at $15 a week by William Banaghan of Worcester, when putting away his tools on Saturday, October 12, 1912, and when going downstairs, made a misstep and fell, sustaining injuries. He was a man sixty-eight years of age, blind in one eye, partially deaf, and at the time of the examination walked with extreme difficulty with the help of a cane. The physicians agreed that at the time of the hearings before the committee "he had recovered from the immediate effect of his injury as much, considering his age and physical condition, as in all probability he ever would. Duprey said that he was able to do bench work if he could get it."

The committee of arbitration found "that in view of the fact that Duprey agrees that he is able to do bench work or light work if he can find it, total disability should cease on the date of this first hearing, Thursday, June 12, 1913; decision of the matter of partial disability to be held in abeyance, to give Mr. Duprey a chance to find work, or to come to some settlement on the extent of partial disability with the insurance company."

It later was brought to the attention of the committee of arbitration that no agreement had been made as to partial disability, and that Duprey had not done any work since the date of the first arbitration meeting, June 12, 1913; and a further hearing was held. It was agreed that, if he could find bench work, he could do it, but that, owing to his age and general physical condition, if Duprey had been thrown out of the work at the time of the accident in October, 1912, without any injury, he would have found great difficulty in getting work at any price because of his age and physical condition.

After considering the testimony of an expert as to labor conditions and wages at Worcester, the committee of arbitration found that Duprey "can probably now find work only through the kindness of an employer who would be willing to take on a man with his general physical incapacity, including the disability resulting from this injury; if such an employer could be found, Duprey would probably be able to earn from $7 to $9 a week. The arbitrators believe it is only a matter of a few years at best when, in the natural course of events, and without this accident, Duprey would

have been forced by increasing infirmities to have given up employment, and while he did retain employment, it would be at a constantly diminishing wage. It was agreed by Duprey and accepted by the representative of the insurance company, that two years' partial disability, based on an estimated earning capacity of one half of the average weekly wage earned by Duprey at the time of the injury, would be just."

The committee found, "therefore, that Joseph T. Duprey is entitled to partial disability from June 12, 1913, when total disability ended, based on an earning capacity of one half of his average weekly wage at the time of the injury, of $7.50 per week, or $3.75 per week, for a period of one hundred and four weeks, a total of $390.00, in addition to the sums paid by the insurance company up to June 12, 1913."

Duprey having claimed a review by the Industrial Accident Board under § 10 of Part III of the act as amended by St. 1912, c. 571, § 13, the board held two hearings. Between the hearings, acting under § 8 of Part III of the act, the board appointed Frederic A. Washburn, M.D., resident physician of the Massachusetts General Hospital, to examine Duprey and report. Dr. Washburn made his report in writing, and it was read aloud by the chairman of the board at the second hearing on review, without previously having been shown to counsel for the parties, and without Dr. Washburn being present and testifying. The counsel for Duprey objected to the procedure. The counsel for the insurer did not object.

Dr. Washburn's letter was in substance as follows:

"He [Joseph Duprey] has been seen in our Out-Patient Department and it is the opinion of the surgeon who saw him that he is suffering from a ruptured tendon in his leg, apparently caused by the fall; that he will be unable to walk to any extent unless this is operated upon; that owing to his age, etc., this should not be undertaken without further talk with him and his family; that his general condition is such that it is believed his usefulness as a worker would not have lasted more than a few years at most; that his incapacity at present is due to his injury as he is unable to work, except at something allowing him to sit down."

The board found that "the evidence shows that, at the time of the injury, the said employee was a man of failing physical powers

and that, within a few years he would probably have been incapacitated for work as a result of said physical weakness, independent of the injury."

The substance of further findings and of the decision of the board is stated in the opinion. The insurer appealed.

The case was heard on appeal to the Superior Court by *Pierce, J.,* who made a decree confirming the decision of the board; and the insurer appealed.

*J. W. Britton,* for the insurer.

*H. B. Ross,* for the employee.

CROSBY, J. It is admitted that the employee Duprey was injured during the course of his employment and was totally incapacitated for all work from the date of his injuries on October 12, 1912, until June 12, 1913, and that during this period he was paid by the insurer a weekly compensation, in accordance with the terms of the workmen's compensation act (St. 1911, c. 751, Part II, § 9), at the rate of $7.50, which was a sum equal to one half his average weekly wages.

The committee of arbitration heard the parties and found that the total disability of Duprey ended on June 12, 1913, and that thereafter he was partially disabled for work. Having made these findings, the committee states that "It was agreed by Duprey . . . that two years' partial disability, based on the estimated earning capacity of one half of the average weekly wage earned by Duprey at the time of the accident, would be just," and made an award for partial disability therefor.

Upon review of the report of the committee of arbitration by the Industrial Accident Board, the latter, after two hearings before it and a report made by Dr. Washburn, "finds upon the above report and the evidence introduced at the hearing before the Industrial Accident Board that, as a result of the injury, the employee is totally incapacitated for all work except that which will allow him to be seated while engaged in its performance, and that the employee has endeavored to obtain and has been unable to find any work which the incapacity due to the injury will not prevent him from performing." The board therefore finds that there was due the employee a weekly compensation of $7.50, based upon a total incapacity for work, from June 12, 1913.

1. The employee is not precluded by reason of the finding of

the committee of arbitration that he agreed to a settlement on a basis of a partial disability, which would cease at the end of one hundred and four weeks from June 12, 1913, because that agreement was made after the committee had found that total disability should cease on June 12, 1913, to which finding, however, the employee did not assent, and did not waive his right to appeal from such finding.

2. The insurer did not put itself in a position to object to the consideration of the report of Dr. Washburn by the Industrial Accident Board. In order that questions as to the admissibility of evidence may be considered by this court on appeal, objection must be made before that board. *Pigeon's Case,* 216 Mass. 51.

3. We are of opinion that the finding of total disability was warranted if we assume that all the evidence is reported, although this does not clearly appear.

The finding by the board that the employee is a man of failing physical powers and that probably he will be incapacitated for work in a few years, as a result of such physical weakness, independently of his injury, does not bar him from compensation under the act if his incapacity to work is the result of his injuries. *Lee* v. *William Baird & Co., Limited,* 1 B. W. C. C. 34.

The finding by the board that Duprey "is totally incapacitated for all work except that which will allow him to be seated while engaged in its performance" cannot be construed as a finding that because he is physically able to perform certain labor therefore he is not totally incapacitated for work. The further finding of the board that Duprey "has endeavored to obtain and has been unable to find any work which the incapacity due to the injury will not prevent him from performing" warranted a finding that he was totally incapacitated for work although he had a limited physical capacity to work and earn money.

This precise question was settled by *Sullivan's Case,* 218 Mass. 141, recently decided by this court, which adopts the rule laid down by the English courts in construing the English workmen's compensation act under a statute containing a provision similar to that in our statute.

The provision of our statute is that weekly compensation shall be paid while "the incapacity for work resulting from the injury is total." St. 1911, c. 751, Part II, § 9.

This court, in commenting upon these words, said in *Sullivan's Case,* 218 Mass. 141, 142: "The same words were used in an earlier English statute; and it was held by the Court of Appeal in *Clark* v. *Gas Light & Coke Co.* 21 T. L. R. 184, that the object of the act was to give compensation for an inability to earn wages, and that, if an injured employee after repeated efforts could not get an opportunity to earn wages, a finding that his earning power was gone and therefore that he was under an 'incapacity ·for work' was warranted, although he had a physical capacity to work and earn money." In *Ball* v. *William Hunt & Sons, Limited,* 5 B. W. C. C. 459, 463, it was said by Lord Macnaghten: "Now 'incapacity for work,' as the phrase is used in the schedule, seems to me to be a compendious expression meaning no more than inability to earn wages, or full wages as the case may be, at the work in which the injured workman was employed at the time of the accident." *McDonald* v. *Wilson's & Clyde Coal Co., Limited,* 5 B. W. C. C. 478. *Gillen's Case,* 215 Mass. 96.

The question whether the board should have found that there is a total disability for the whole period allowed by the act, is not raised by the record and need not be considered.

It follows that the finding of the Industrial Accident Board that the employee was totally incapacitated for work was warranted.

*Decree affirmed.*