## THOMAS SEPTIMO'S CASE.

Suffolk.        October 8, 1914. — December 12, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act.*

On an appeal to this court from a decree of the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, affirming a decision of the Industrial Accident Board, where the evidence before that board is not reported, it cannot be said as a matter of law that a finding of fact made by that board was not warranted by the evidence.

In a proceeding under the workmen's compensation act for injuries suffered by an
employee in a mill, the Industrial Accident Board on a review of the report
of the committee of arbitration found that the employee by reason of his in-
jury had lost the whole of every finger except the forefinger of his right hand
and the little finger of his left hand, that previous to his injury he had received
$10 a week from his employer, and that after his injury he was employed
by the same employer and was paid $9 a week until the mill was shut down
"owing to the slackening up of business," and upon these facts and evidence
not reported the board found that the employee "was not able to earn any-
thing by reason of his injury during" the period when the mill was shut down
and awarded to him one half of the amount that he would have received as
his weekly wages during that period. On an appeal from a decree of the Su-
perior Court affirming that decision, it was *held* that the finding of the board
was equivalent to a finding that the employee was totally incapacitated for
work during the period that the mill was closed, and that, the evidence not
being reported, the finding could not be said to be erroneous, the fact, that
the employee was employed by his former employer and received $9 a week
after his injury, being evidence tending to show that he was not wholly in-
capacitated but not being conclusive evidence to that effect.
Where in a proceeding under the workmen's compensation act the Industrial
Accident Board properly has found that during a certain period the employee
was totally incapacitated for work by reason of his injury, it is immaterial that
the employee during that period did not make any effort to obtain employment.

CROSBY, J. This is a proceeding under the workmen's com-
pensation act.* The employee, Septimo, received an injury
which arose out of and in the course of his employment, and
thereafter, during a part of the period between the date of his
injury and that of the filing of his claim with the Industrial
Accident Board, he was employed by his former employer and
was paid $9 a week. Before he was injured, his weekly wages
were $10.

While he was so employed, after his injuries, the mill where he
worked was shut down for three and five sevenths weeks, "owing
to the slackening up of business." During this time he received
no wages. The question in controversy is whether he was entitled
to compensation for the three and five sevenths weeks when the
mill was closed, upon a partial or total incapacity for work.

This case is to be decided upon the facts found by the Industrial
Accident Board in their review of the report of the committee of
arbitration, if there was any evidence to warrant those findings.

---

* Brought before this court by an appeal of the insurer from a decree of
the Superior Court made by *Wait*, J., in accordance with the decision of the
Industrial Accident Board.

*Diaz's Case,* 217 Mass. 36. *Donovan's Case,* 217 Mass. 76. *Bentley's Case,* 217 Mass. 79.

The Industrial Accident Board, after hearing, found that the employee "was not able to earn anything by reason of his injury during each of the three and five sevenths weeks." This is equivalent to a finding that the employee was totally incapacitated for work during that period. As the evidence is not reported, it cannot be said as matter of law that such finding was not warranted.

The insurer contends that because the employee was employed after his injury and was paid wages at the rate of $9 a week, a finding of total incapacity for work during the time that the mill was closed was not warranted. We do not think that this contention can be maintained. While such employment was evidence that the employee was not wholly incapacitated for work, yet it was not conclusive.

The committee of arbitration found that it was probable, considering his injured condition, that he would not have been able to obtain work or to earn anything elsewhere. The record shows that he was seriously crippled and disabled. The photograph, which is annexed to and made part of the report of the board, shows that he has lost the whole of every finger, except the fore finger of his right hand and the little, or fourth, finger of his left hand. When the grave character of these injuries is considered we cannot say, without the evidence before us, that the finding of total disability for work of the employee was not warranted. It follows that the amount which he would have been entitled to receive for partial incapacity for work becomes immaterial and need not be considered.

It was found by the committee of arbitration that during the period when the mill was closed the employee earned no wages, and it did not appear that he had made any effort to earn anything during that time. The insurer contends that in view of this finding compensation should be based upon a partial incapacity for work under the provisions of § 10 of Part II of the act; but as the Industrial Accident Board, upon review of the findings of the committee of arbitration, have found that the employee was totally incapacitated, the findings of the committee, so far as they are in conflict with those of the board, have been reversed.

So also the finding that the employee was physically unable to earn anything during the period when the mill was closed renders immaterial the finding of the committee of arbitration that he did not make any effort to obtain employment.

In view of this finding of fact we need not consider the further contention of the insurer that the failure of the employee to work during this time was due to the condition of the labor market and not to his incapacity to earn wages. *Sullivan's Case,* 218 Mass. 141. *Irons* v. *Davis & Timmins, Limited,* [1899] 2 Q. B. 330. *Merry & Cuninghame, Limited,* v. *Black,* 46 Sc. L. R. 812. *Thompson* v. *Johnson & Nephew, Limited,* [1914] 3 K. B. 694.

The grounds upon which this decision rests render unnecessary the consideration of other matters determined by the Industrial Accident Board.

*Decree affirmed.*

*H. C. Tuttle,* for the insurer.

No counsel appeared for the employee.