## AGDIO LACIONE'S CASE.

Suffolk.    March 22, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act,* Total incapacity, Practice.

An injury to the right hand of a water boy sixteen years of age, having little knowledge of the English language, resulting in the amputation of the middle finger and stiffness and other impairment of the index and ring fingers, leaving the thumb normal and the little finger in good condition except from disuse, where it appears that the boy afterwards worked at substantially his old work during two months and apparently did not suffer therefrom and where there is no evidence that he was unable to work aside from the necessary disability due to such an injury and no evidence that he made any effort to get work after leaving the employ of the employer in whose work he received his injury, does not warrant a finding that the boy is entitled to compensation for "total incapacity" to work within the meaning of the workmen's compensation act.

Where on an appeal in a claim under the workmen's compensation act a decree that had been made in accordance with a decision of the Industrial Accident Board was reversed on the ground that an award of compensation for total incapacity to work was not warranted by the evidence, it was *ordered* that, as the employee had had a full trial, with the aid of counsel, there should not be a rehearing involving the introduction of new evidence, but that the employee should be given an opportunity to move for a further hearing before the board on the testimony already heard and to apply for such compensation as he legally was entitled to, and that the claim be recommitted to the Industrial Accident Board for that purpose.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, awarding to Agdio Lacione $155.72 as total compensation to May 2, 1916, and in addition $6 per week for permanent disability of the hand from May 2, 1916, to September 9, 1916, and $6 per week from May 2, 1916, for total incapacity, but for not exceeding five hundred weeks from October 8, 1916.

The case was heard by *Jenney,* J., who made a decree in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*N. F. Hesseltine & J. F. Scannell,* for the insurer.

*D. R. Radovsky,* for the employee.

DE COURCY, J.  The employee was sixteen years of age, and was employed by the Hanscom Construction Company as a water boy.  On September 24, 1915, his right hand was caught in the gears of a stone crushing machine and seriously injured. The insurer paid him compensation up to October 28; and he then returned to work, and continued working at his regular wages of $9 a week until December 27.  In view of the fact (which did not appear at the hearing before the Industrial Accident Board) that agreements for compensation were made by the parties, and approved by the board on November 24, 1915, the insurer has argued before us only the question of the employee's incapacity from December 27, 1915.

The finding of the board on this point was, that by reason of the injury the employee's hand had been rendered permanently incapable of use, that he was entitled to compensation for total incapacity from December 27, 1915, and that specific and incapacity compensation should be continued, as the employee remains totally incapacitated for work by reason of the injury. The decision of the board concludes as follows: "The board also find, and decide that such a boy, lacking the ability to understand orders correctly, having little knowledge of the English language, and with his right hand having been rendered permanently incapable of use, is in fact totally incapacitated for work and unable to earn any wages; that such total incapacity for work will continue for an indeterminate period."

The entire evidence is reported in the record.  The injury itself was confined to the right hand, and consisted mainly in the loss of the middle finger, which was amputated, and stiffness and other impairment of the index and ring fingers.  The thumb is normal and the little finger in good condition except from disuse. The employee resumed work on October 28, a little more than a month after the accident, and continued until a few days before the work closed, which was about January 1, 1916.  During these two months according to his own testimony "he would light the fire in the stove in the office . . . if there was some pieces of iron or something to carry he would take it with one hand and carry it on his shoulder and put it in the box, . . . he would also place lanterns in different places."  There was other testimony that he did regular water boy's work.  There was no evidence that the

employee made any effort to get work elsewhere between the time of leaving the employ of the Hanscom Construction Company and the date of the hearing before the arbitration committee on May 2; and nothing appears in the record to show that he was unable to work during this period, aside from the necessary disability due to such an injury.

Assuming that on this evidence the board might have awarded compensation for a partial loss of the employee's capacity to earn wages, in our opinion it did not warrant their finding that he was "totally incapacitated for work and unable to earn any wages; that such total incapacity for work will continue for an indeterminate period." It is common knowledge that men who have entirely lost a hand are able to obtain work and earn wages. That the employee in this case might have done so is shown by the fact that he worked at substantially his old work during November. and December, and apparently did not suffer therefrom. Inability to obtain work resulting directly from his injury would be an "incapacity for work" within the meaning of the workmen's compensation act, *Sullivan's Case*, 218 Mass. 141; but this record does not disclose that any effort whatever was made by the employee to obtain work during the four months preceding the hearing. The intimation by the arbitration committee that the employee had made "reasonable inquiry," was not supported by the evidence, and does not appear in the findings of the board on review. As the evidence does not show a total inability to perform work or to secure work to do, the finding of a total loss of wage earning ability by the employee at the time of the hearing, and for the four months preceding, was not warranted by the evidence. *Sullivan's Case, supra. Duprey's Case*, 219 Mass. 189. *Ball* v. *William Hunt & Sons, Ltd.* 5 B. W. C. C. 459. In *Septimo's Case*, 219 Mass. 430, relied on by the employee, the board had found that the employee was totally incapacitated for work during a certain period; and this court sustained the finding on the express ground that, as the evidence was not reported, it could not be said as matter of law that the finding was not warranted.

The decree must be reversed. It well may be that on the evidence the employee is entitled to compensation for partial incapacity, and to some additional specific compensation under

§ 11 of the act. As the employee has had a full trial, with the aid of counsel, there should not be a rehearing involving the introduction of new evidence, but he should be given an opportunity to move for a further hearing before the board on the testimony already heard and to apply for such compensation as he legally is entitled to. For that purpose the case is to be recommitted to the Industrial Accident Board. *Doherty's Case,* 222 Mass. 98. St. 1911, c. 751, Part III, § 10, as amended by St. 1912, c. 571, § 13.

*Ordered accordingly.*