## JOHN E. BARRY'S CASE.

Essex. March 1, 1920. — April 1, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Amount of compensation.

The left hand of a water boy and tool carrier, employed in a granite quarry and receiving $7 per week, was crushed and the Industrial Accident Board awarded him $4.67 per week as for total incapacity. Upon a petition by the insurer

under St. 1911, c. 751, Part III, § 12, as amended by St. 1914, c. 708, § 11, for a review a year after the first award, the Industrial Accident Board adopted findings, made by a single member of the board upon evidence warranting them, that compensation as for total incapacity should cease, that the employee, notwithstanding his injury, had an earning capacity in the labor market of $3, "did he not have the laudable desire of continuing at school," and that he should receive compensation of $2.67 a week, which was on the basis that his earning capacity was reduced from $7 to $4 a week. The decision was affirmed on an appeal by the employee to the Superior Court. *Held,* that no error of law was apparent on the record.

APPEAL under the workmen's compensation act from a decision of the Industrial Accident Board, entered upon a petition under St. 1911, c. 751, Part III, § 12, as amended by St. 1914, c. 708, § 11, affirming and adopting findings and rulings of a single member of the board that John E. Barry, who, when in the employ of the Cape Ann Granite Company as a water boy and a tool carrier in its granite quarry and fourteen years of age, had suffered injuries which crushed his left hand, for which, under the award being reviewed, he had received $4.67 per week as compensation for total incapacity from September 10, 1917, to April 18, 1919, should receive thereafter $2.67 per week as compensation for partial incapacity.

Material findings of the single member of the board, which were adopted by the board, were as follows:

"Upon the evidence in this case I find that this employee is not totally incapacitated for work and that compensation for total incapacity should cease as of this date.

"As to what earning capacity the boy has in the general labor market, this must necessarily be estimated from the appearance of the boy and from one's knowledge of conditions of employment. I find that he is incapacitated for the work which he was doing at the time of his injury, which was that of a tool boy. I believe, however, and find that in the general labor market he has an earning capacity of $3 a week, which he could avail himself of did he not have the laudable desire of continuing at school.

"I find, therefore, that the employee is entitled to compensation at the rate of $2.67 per week, two thirds of the difference between his former wages of $7 and the amount which I find he is now able to earn."

The appeal was heard in the Superior Court by *O'Connell,* J.

and the decision of the Industrial Accident Board was affirmed. The employee appealed.

The case was submitted on briefs.

*W. J. Hatch*, for the employee.

*I. F. Carpenter & L. R. Wentworth*, for the insurer.

BRALEY, J. The question for decision is, whether the findings and rulings of the board member, which were adopted and affirmed by the Industrial Accident Board on review, should be reversed. It is contended by the employee that under St. 1911, c. 751, Part II, § 10, as amended by St. 1914, c. 708, § 5, the board erred in deciding that he was not totally incapacitated for work, and that compensation for total incapacity should cease April 18, 1919, and that the evidence is insufficient to support the finding of the board member or of the full board that he was not totally incapacitated on April 18, 1919.

It is undisputed by the insurer that the employee, a boy fourteen years of age, received an injury to his left hand in the course of, and arising out of, his employment. The extent and nature of the injury is fully described in the record, and compensation was properly awarded from September 10, 1917, the eleventh day after the injury, to the date of the first hearing, April 23, 1918, to continue during the period of total incapacity. *Gagnon's Case*, 228 Mass. 334. *Septimo's Case*, 219 Mass. 430. But the evidence at the second hearing, held on April 18, 1919, plainly warranted a finding that the hand had not been rendered permanently incapable of use. It still was a hand the use of which had not been entirely lost. The extent and permanency of the employee's disability was a question of fact, and, the finding being conclusive, the ruling that compensation for total incapacity should cease as of the date of the second hearing was correct. *Amadio's Case*, 233 Mass. 104. *Pass's Case*, 232 Mass. 515. It further appears and the evidence supports the conclusion of the board member, that the employee, notwithstanding the injury, had an earning capacity in the labor market of a weekly wage of $3, "did he not have the laudable desire of continuing at school." It follows that his earning capacity, although partially impaired, did not amount to a total loss of wage earning power, and he was properly awarded compensation at the rate of $2.67 a week, being two thirds of the difference between his former weekly wages of $7,

and $3, the amount he was able to earn at the date of the second hearing. *Sullivan's Case,* 218 Mass. 141. *Duprey's Case,* 219 Mass. 189. *Lacione's Case,* 227 Mass. 269.

The board reserved the right under St. 1911, c. 751, Part II, § 22, of awarding a lump sum after further consideration, but this reservation forms no part of the decree under which the case is before us.

We find no error of law in the record and the decree must be affirmed.

*Ordered accordingly.*