## DOMINICK CAPONE'S CASE.

Suffolk.   June 10, 1921. — July 2, 1921.

Present: RUGG, C. J., PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Amount of compensation.

Reduction in earning capacity occasioned by general business conditions and not due to an injury cannot be considered in determining the compensation to which an injured workman is entitled under the workmen's compensation act.

If a workman who in the course of his employment has received an injury to one of his fingers cannot return to his former employment because of business conditions and seeks for or secures employment elsewhere which he could perform if it were not for inability caused by the injury, his earning power and labor efficiency are lessened within the meaning of the workmen's compensation act and he is entitled to the compensation provided.

A workman, who was earning an average of $24.96 a week and who lost the first phalange of the ring finger of his left hand by amputation because of an injury received while working on a milling machine, the finger thereby being left in a sensitive condition, obtained employment in a grocery but was unable to do the work because of the condition of his finger and on this account could not perform "general heavy work" but had a partial earning capacity of $12 a week. Upon a claim by him for compensation under the workmen's compensation act, the Industrial Accident Board found that because of the injury his earning capacity was reduced, but the record, upon certification to the Superior Court, did not show that he failed to secure work at his former employment, or that his efficiency in that work was impaired in any way. Compensation equal to $8.64 a week was awarded. Upon an appeal by the insurer from a decree entered in accordance with the decision of the board, the case was recommitted to the Industrial Accident Board for hearing upon the question whether

the employee had failed to secure work at his former employment and whether his efficiency at that work was impaired by the injury.

CERTIFICATION, filed in the Superior Court in proceedings under the workmen's compensation act, of a decision of the Industrial Accident Board, finding and ruling that Dominick Capone, a portion of whose finger was traumatically amputated as the result of an injury received while operating a milling machine, was entitled for partial disability to $8.64 a week to continue under the provisions of the statute.

In the Superior Court, by order of *Sisk, J.,* a decree was entered in accordance with the decision of the Industrial Accident Board. Material facts found by the board are described in the opinion. The insurer appealed.

*H. S. Avery & J. R. Fuller,* for the insurer, submitted a brief.

No brief was filed for the employee.

CARROLL, J. The employee was injured while working on a milling machine on April 29, 1920. As a result of his injury the first phalange of the ring finger on the left hand was amputated. His average weekly wages were $24.96. He was paid compensation to December 2, 1920. On a rehearing of the case it was found that the injured finger was sensitive, the stump thinly covered with skin, and that there may be a filament of "nerve caught in the end or near the surface where it strikes when the hand is working;" that the employee obtained employment in a grocery store but was unable to do the work because of the condition of his finger, and on this account cannot perform "general heavy work; " and that he had a partial earning capacity of $12 a week. He was awarded compensation of $8.64 a week, that being two thirds of the difference between $12 and his former weekly wages of $24.96 from December 3, 1920, to January 3, 1921, to continue under the provisions of the statute. The insurer appealed from the decree of the Superior Court affirming the findings of the Industrial Accident Board, on the ground that there was no evidence that the employee was incapacitated from doing the work of operating a milling machine at which work he was employed when injured.

St. 1914, c. 708, § 5, G. L. c. 152, § 35, provides that while incapacity for work resulting from the injury is partial, the injured employee shall receive a weekly compensation equal to sixty-six

and two thirds per cent of the difference between his average weekly wages before the injury and the average weekly wages he is able to earn thereafter. When the employee was injured his work was that of operating a milling machine. If on December 3, 1920 (from which time he was found to be partially incapacitated for labor), he was in fact able to operate such a machine and could secure employment at this work, then there was no incapacity to labor resulting from the injury. But if his injured finger prevented his pursuing his former employment, or if by reason of business conditions he could not secure work at this occupation and his ability to labor in other pursuits was impaired by his injuries, this circumstance was important in determining the amount of wages he could earn and should be taken into account in deciding what compensation should be awarded him because of his diminished capacity to work. Reduction in earning capacity occasioned by general business conditions and not due to the injury could not be considered. The statute contemplates that compensation is to be paid for diminished capacity to earn wages; and the employee, in common with others, must bear the loss resulting from business depression. *Durney's Case*, 222 Mass. 461. If, however, the employee could not return to his former employment because of business conditions and sought for or secured employment elsewhere which he could perform if it were not for his inability because of his injury, his earning power and labor efficiency were lessened within the meaning of the statute, and he was entitled to the compensation provided. *Sullivan's Case*, 218 Mass. 141. *Duprey's Case*, 219 Mass. 189. In *Barry's Case*, 235 Mass. 408, it was found that the employee was no longer able to do the work at which he was employed when injured; that in the general labor market his capability to earn wages was diminished; and the decree awarding compensation on this ground was affirmed. See *Sullivan's Case, supra; Duprey's Case, supra; Septimo's Case*, 219 Mass. 430. In the case at bar it has been found that because of the employee's injury his earning capacity was reduced; but the record does not show that he failed to secure work at his former employment, or that his efficiency in that work was in any way impaired. In our opinion the case should be recommitted to the Industrial Accident Board for further hearing on this point.

*So ordered.*