GEORGE A. DOW'S CASE.

Suffolk.    April 15, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act,* Amount of compensation; *Procedure:*
appeal, waiver.

Findings by a single member of the Industrial Accident Board, affirmed
and adopted by the full board, were that an employee two years and
nine months after an injury within the provisions of the workmen's
compensation act and after periods of partial disability and employ-
ment, became totally disabled and entitled to compensation accordingly.
A decree to that effect was entered in the Superior Court. The insurer
appealed and in this court argued that there was no evidence warranting
the finding of total disability and that the findings by the single mem-
ber of the board negatived that conclusion. The record disclosed con-
flicting evidence and findings by the single member of the board that
the injuries resulted in an oblique fracture through the seventh cervical
vertebra; that, beginning with the day two years and nine months
after the injury, the "man could do any work on the level but that is
all," which, the evidence showed, meant that he had great difficulty
in raising his head or arms; and that the employee had done everything
possible to use whatever earning capacity he had and would continue
to look for such work as he was able to do. *Held,* that
(1) Apparently the purport of the findings by the board was that
there was no work to be obtained which the employee was capable
of doing without raising his head or arms;

(2) Although the case was close, the finding was not unsupported by the evidence and therefore would not be disturbed;

(3) The appeal was not "without reasonable ground" within the meaning of G. L. c. 152, § 14.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board, affirming findings by a single member that the claimant received injuries within the provisions of the act on October 8, 1921, while employed by Nelson Brothers, which resulted in an oblique fracture through the seventh cervical vertebra and from which, after a period of partial incapacity and employment, he became totally disabled on July 12, 1924; and awarding him total disability compensation from that date.

In the Superior Court, the case was heard by *Lummus*, J. Material evidence and findings by the single member of the board are described in the opinion. By order of the judge, a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed and in this court contended that there was no evidence warranting a finding of total disability by the single member of the board and that he should have found that the claimant could do some work.

The case was submitted on briefs.

*E. I. Taylor & W. H. Tribou*, for the insurer.

*S. B. Horovitz & R. M. Gardiner*, for the employee.

RUGG, C.J. The employee received a severe injury arising out of and in the course of his employment for a subscriber under the workmen's compensation act. The single member found that the employee was totally disabled during the period here in question as a result of his injury. This finding was affirmed by the board on review. The evidence on this point was somewhat in conflict. It was found that the "man can do any work on the level but that is all." Other evidence shows that this means that he had great difficulty in raising his head or arms. It also was found that the employee "has done everything possible to use whatever earning capacity he has" and "will continue to look for such work as he is able to do." It may be that there is no

work to be obtained which the employee is capable of doing without raising his head or arms.  This apparently is the purport of the finding of the board.  The case at bar is distinguishable from *Durney's Case*, 222 Mass. 461, and *Capone's Case*, 239 Mass. 331, in this particular.  At all events although the case is close we cannot say that the finding is unsupported by evidence.  Therefore it comes within the general rule that the finding of the board will not be disturbed when there is any evidence to support it.  *Pass's Case*, 232 Mass. 515.  *Johnson's Case*, 242 Mass. 489.

The appeal of the insurer cannot be said on this record to have been prosecuted "without reasonable ground" within the meaning of G. L. c. 152, § 14.  There is nothing to indicate waiver by the insurer of the right to appeal.  Nor are there any facts which work an equitable or legal estoppel against it.

*Decree affirmed.*