LEON LAVALLEE'S CASE.

Berkshire.    September 15, 1931. — December 28, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Amount of compensation, Finding by Industrial Accident Board, Appeal.

The record before this court on an appeal by an insurer from a final decree of the Superior Court awarding compensation for partial incapacity of an employee in a proceeding under the workmen's compensation act disclosed evidence that the employee after his injury might have earned more than he did if it were not for lack of work due to business depression. It did not appear that a contention was made before the single member of the Industrial Accident Board, before the board, or before the judge of the Superior Court that the measure of compensation for partial incapacity to be awarded to the employee should be the amount he would be able to earn if there were no lack of work, and the board found in substance that compensation was awarded on the basis of the difference between his wages before his injury and his earning capacity at the time of the hearing. *Held,* that this court on the record must assume that the correct rule was followed and the effect of the industrial depression considered only in its proper bearing; and that no error was shown.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *W. A. Burns,* J. From the final decree described in the opinion, the insurer appealed.

*T. N. Foynes,* for the insurer, submitted a brief.

*J. M. Rosenthal,* for the claimant.

CARROLL, J.    In this proceeding under the workmen's compensation act it appeared that the employee was injured on August 15, 1929.    His index and middle fingers of his right hand have been amputated at the metacarpal joints. The hand can be partially flexed, the ring finger has twenty-five per cent flexion, the little finger closes about half way, and the metacarpal bones in the palm of the hand are missing about half way down.

The employee, an electric welder, received total disability compensation to February 23, 1930, when he returned to work.    At the time of his accident his average weekly wages were $41.59.    It was found that before the injury the· employee did his work with his right hand; that since his return he is obliged to work with his left hand with the assistance of the right hand; that he has pain in the right hand and has little gripping power in this hand, and is assisted in his work by the men working with him; that because of his impaired capacity to labor his earning ability has been reduced.    He was awarded compensation based on two thirds of the difference between the average weekly wages earned by him before the injury and the average weekly wages he was able to earn thereafter.

The finding that the injury to the right hand partially incapacitated the employee was warranted.    There was evidence that his labor efficiency was lessened: while he was formerly employed on the night shift it could have been found that his incapacity due to the injury prevented him from working nights; that on the day shift with the assistance of his associates he was able to do certain work.    There was also evidence which seems to indicate that working during the daytime he might earn more than he did, if it were not for the lack of work due to the business depression. The injured employee, in common with others, must bear the loss resulting from business depression and the statute contemplates that in estimating the amount due the workmen regard must be had to business conditions.    The award should take this into account and measure the compensation by the amount he would be able to earn if there were no lack of work.    The statute does not give compensation be-

cause of the depressed condition of industry but awards compensation because of the injury and diminished capacity resulting therefrom. *Durney's Case*, 222 Mass. 461. *Capone's Case*, 239 Mass. 331. *Driscoll's Case*, 243 Mass. 236. There was evidence that the earnings of the employee were reduced after his return by reason of the lack of work, and it might be inferred from the schedule of earnings that the loss of wages caused by the business depression was not considered. But the board found, as we understand the report, that compensation was awarded on the basis of the difference between his wages before his injury and his earning capacity at the time of the hearing, and we must assume that this report is true, that the correct rule was followed and the effect of the industrial depression considered. The point now under consideration does not appear to have been brought to the attention of the single member, the board or the trial judge, and no request made for any ruling on the question.

It is not argued that there was error in awarding costs against the insurer and we do not discuss this question.

*Decree affirmed.*