OVIDE BEAULIEU'S CASE.

Androscoggin.     Opinion, April 4, 1934.

*Benjamin L. Berman,*
*David V. Berman,* for plaintiff.
*Eben F. Littlefield,*
*William B. Mahoney,* for respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J.   This is an appeal from a decree affirming the decision of the Industrial Accident Commission on a petition for review of incapacity filed by the employer and the insurance carrier.

Ovide Beaulieu, the claimant, on January 3, 1930, sustained an injury to his left knee while employed as a weaver in the Androscoggin Mills at Lewiston, Maine. On his original petition under the Workmen's Compensation Act, he was allowed compensation for total incapacity at the rate of $18 per week. On Petition for Review of Incapacity filed by the employer and the insurer, on December 14, 1932, he was found to be entitled to compensation for partial incapacity at the rate of $13.15 per week. On a new Petition for Review, his compensation for partial incapacity, as of September 6, 1933, was reduced to $8.93 per week. The claimant appeals from the decree in equity affirming this decision.

The weekly compensation which an employer shall pay an injured employee while the incapacity for work resulting from the injury is partial is fixed by Section 12 of Chapter 55 of the Revised Statutes, which reads:

"While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to two-thirds the difference, due to

said injury, between his average weekly wages, earnings or salary before the accident and the weekly wages, earnings or salary which he is able to earn thereafter, but not more than eighteen dollars a week; and in no case shall the period covered by such compensation be greater than three hundred weeks from the eighth day following the accident."

The question raised here concerns the application of this provision under existing industrial conditions.

The Commissioner found that the employee, through partial incapacity to work as a result of his accident, could "do light work which did not require him to be on his feet too much" and could "earn one dollar a day or six dollars a week so far as the accident is concerned." He then wrote into his finding concerning the employee the following:

"His pre-accident average weekly wage was $29.72. The present pay for similar work, i.e., the work he was doing when injured, is $19.40 per week; therefore, the sum of $10.32 per week wage loss is due to industrial conditions and not the accident. The wage loss due to the accident is $13.40 per week.",

and observing that "compensation for partial incapacity must be based upon wage loss due to the injury solely," ruled:

"Therefore, beginning September 6, 1933, compensation for partial incapacity to work should be paid to said employee at the rate of $8.93 per week," etc.

We are of opinion that the statute does not authorize this method of computation. No cases are cited where, under similar or analogous compensation statutes, such a method has been approved, and we find none.

It is well settled that, in measuring the compensation of an employee for partial incapacity under such a statute, the loss or reduction in wages that he is able to earn after the accident, which is occasioned by general business depression, here referred to as "industrial conditions," must be considered. In so far as the wages which he is able to earn now are reduced by that element, the loss must be borne by him, not the employer. It is not a loss "due to

said injury." That is represented by his further loss of wages not due to his own fault. *Ray's Case*, 122 Me., 108, 119 A., 191 ; *Milton's Case*, 122 Me., 437, 120 A., 533 ; *Lavallee's Case*, 277 Mass., 538, 179 N. E., 214 ; *Trask* v. *Modern Pattern & Machine Co.*, 222 Mich., 692, 193 N. W., 830 ; *Jordan* v. *Decorative Co.*, 230 N. Y., 522, 130 N. E., 634 ; 2 A. L. R., 1637 n.

However, the workman's wage loss resulting from partial incapacity is not measured solely by the yardstick of his former employment. Compensation is awarded not for incapacity to do the same kind of work as before, but for incapacity to earn in his crippled physical condition. *Milton's Case*, supra. The inquiry is whether, as a matter of fact, he can perform any kind of available work and thereby earn wages. This need not be in the same kind of employment in which he was engaged at the time of the injury. *Connelly's Case*, 122 Me., 289, 119 A., 664. Obviously, when, as here, it does not appear that he is following the same or a similar occupation, the current wages of his former employment do not necessarily measure his present earning ability. The question to be determined is what can he now earn in the work which is available and he has the capacity to perform, and how much more would he be able to earn in such employment if there were no depression. The difference between the amounts of these wages is his loss due to the business depression or "industrial conditions." This can not be determined by computing the difference between the wages paid before and after the accident in the same employment.

The method of computation which we have outlined is in accord with that applied in *Durney's Case*, 222 Mass., 461, 111 N. E., 166. It is a reasonable and just rule which we think will carry out the intent and purpose of our statute, and should be followed in this State. The claimant here is entitled to have his compensation determined in accordance with it and the case is remanded for that purpose.

> *Appeal sustained.*
> *Court below to fix employee's*
> *expenses on appeal.*