DUNEC *v.* FORD MOTOR CO.

Workmen's Compensation — Eye Injury — Total Disability — Equally Divided Court.

> Award as for total disability from May 4, 1937, as result of accident occurring on October 29, 1929, made on third petition for compensation for loss of vision of right eye from a flying steel chip, after two previous orders denying compensation, is affirmed by an equally divided court.

Appeal from Department of Labor and Industry. Submitted October 4, 1938. (Docket No. 25, Calendar No. 40,085.) Decided April 4, 1939.

Alex Dunec presented his claim for compensation against Ford Motor Company for injuries sustained while in its employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Affirmed by an equally divided court.

*Carl R. Hospers* (*Richard C. Fruit,* of counsel), for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

McAllister, J. On October 29, 1929, plaintiff, while working in the employ of defendant company, suffered an injury to his right eye caused by a steel chip flying up from the machine on which he was working. Plaintiff filed notice and application for adjustment of his claim in which he asked for compensation for loss of vision of his eye, on which hearing was had and an award entered in 1931 by the deputy commissioner, denying compensation and finding that plaintiff had not lost the vision of his eye within the meaning of the workmen's compensation act. This award was affirmed on appeal to the department. In 1935, plaintiff filed a second application and upon hearing the deputy commissioner entered an award denying plaintiff's claim

and finding that there had been no change in his condition since the last award. No appeal was taken from this determination. On May 4, 1937, plaintiff filed a third claim for compensation for the said injury. On July 28, 1937, the deputy commissioner entered an award granting plaintiff compensation at the rate of $18 per week from May 4, 1937, until further order. Defendant appealed, and on February 28, 1938, the award of the deputy commissioner was affirmed by the department. From such award defendant appeals to this court.

Medical testimony was adduced on behalf of plaintiff to the effect that he had lost the industrial vision of his eye. Plaintiff himself testified that his eyesight was greatly impaired since the previous hearing, and that the vision of such eye was not sufficient to enable him to discern printed matter although at the time of the previous hearing he had been able to do so by holding it close to his eye. The deputy commissioner made an award of temporary total disability, reciting therein the improbability of plaintiff's securing employment due to the impaired eye and his anticipation of rehabilitation. On appeal to the department of labor and industry, the department affirmed the award in an opinion containing somewhat contradictory recitals, stating, however, that at the time of the prior awards, "plaintiff's loss in vision as a result of the accident had not *at that time* decreased his earning capacity; * * * that since the prior adjudication * * * plaintiff has sought employment not only from defendant but from several other employers, and in each instance after a physical examination has been refused employment. The only logical inference to be drawn, in the absence of testimony to the contrary, is that the condition of plaintiff's eyes had made him unemployable in industry. *This condition is directly traceable to the accident of 1929.*" It

would appear that the department meant to state that the only logical inference to be drawn was that plaintiff was unemployable because of the condition of his eyes, rather than that the condition of his eye had made him unemployable. The inference to be drawn was as to the cause of his unemployment, and not as to the condition of his eye.

It was not necessary to resort to inferences to find a change of condition in vision and temporary total disability. The testimony of plaintiff was sufficient to sustain the award on a change of condition, and the medical testimony supported the award on impairment of vision. The fact that the department stated in its opinion that by the award the deputy had apparently rejected the testimony of Dr. Bentley and accepted the testimony of defendant's witnesses, and the further fact that the department stated that they thought the award in that respect was consistent with the record can be reconciled to a considerable extent with its own award. The award of the deputy was consistent with the testimony of defendant's medical witnesses that there was considerable impairment of vision. Dr. Bentley and the plaintiff went beyond this and testified to total loss of vision. But defendant's witnesses testified that there was no change in the condition of the eyes from the time of the previous hearings. In this respect, the award of the deputy was not consistent with such testimony but was rather consistent with that of plaintiff, who testified to such change of condition. The fact that somewhat erroneous statements were made by the department in its findings should not warrant a reversal of its award when it is amply supported by evidence. See *Tjernstrom* v. *Ford Motor Co.,* 285 Mich. 450, 456. The department found that plaintiff had no earning capacity in the general field of labor and, because of

his injury, belonged in that special classification of employees designated as "odd-lot" and "nondescript," who could earn wages only if given favored employment. Because of the fact that no such favored employment had been made available to plaintiff by defendant or any other employer, the award of the deputy commissioner was affirmed.

In the case of this disabled workman, who came within the classification of "odd-lot" or "nondescript" workers, the burden of proof was upon the defendant to show opportunity to work within his capacity. In *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich. 190, 192, Mr. Justice WIEST said, of an employee within such classification:

"If his injury isolates him from employment then, of course, he is not to be held to have capacity to work and earn.wages. If his injury has reduced his capacity to work and relegated him to the rating of 'odd lot' or 'nondescript' workers for whom labor openings are extremely limited, then opportunity, within his capacity, should be made to appear.

"In the *Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522, 525 (130 N. E. 634), it was well said:

" 'Compensation, if due at all, is to be measured by a prescribed percentage of "the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise." (Workmen's Compensation Law, § 15, subds. 3 and 4).
* * *

" 'The claimant's search for work was fruitless. *The inference is permissible that it was his own physical defects which made the quest a vain one.* Failure to find work is, indeed, no ground for compensation if the failure has its origin in general business conditions, the slackness of the demand for labor (*Cardiff Corp.* v. *Hall* [1911], 1 K. B. 1009, 1018 [104 L. T. 467, 27 T. L. R. 339]; *Durney's Case,* 222 Mass. 461 [111 N. E. 166]). Failure to find work stands upon a different basis when the labor is unmarketable because of the condition of the laborer (*Cardiff Corp.* v. *Hall, supra,* pp. 1018, 1020; *Clark* v. *Gas Light & Coke Co.*, 7 W. C. C. 119 [21 T. L. R. 184]; *Sullivan's Case,* 218 Mass. 141 [105 N. E. 463, L. R. A. 1916A, 378]). There is some basis for a finding that this was the claimant's plight. He was an unskilled or common laborer. He coupled his request for employment with notice that the labor must be light. The applicant imposing such conditions is quickly put aside for more versatile com-

petitors. Business has little patience with the suitor for ease and favor. He is the "odd lot" man (*Cardiff Corp.* v. *Hall, supra,* 1021; *James* v. *Mordey, Carney & Co.* [1913], 109 L. T. 377), the "nondescript in the labor market" (*Cardiff Corp.* v. *Hall, supra,* 1024). Work, if he gets it, is likely to be casual and intermittent.'

"The department found total disability. We do not weigh the evidence. The weighing scale is in other hands and, even if we think it out of balance, we cannot reweigh. There was evidence that plaintiff has no wage-earning capacity by reason of his injuries and inability to obtain employment in his handicapped condition."

The adjudication of the department was not a rehearing. Plaintiff's condition had changed since the previous award. See *Adams* v. *C. O. Barton Co.,* 274 Mich. 175; *Catino* v. *Morgan & Wright Co.,* 272 Mich. 154, 158. There was evidence to indicate that as a result of his injury plaintiff had become an "odd-lot" employee. The department is the trier of facts and may draw legitimate inferences from the evidence and weigh the probabilities from the established facts. *Glenn* v. *McDonald Dairy Co.,* 270 Mich. 346; *Hood* v. *Wyandotte Oil & Fat Co., supra.*

There was evidence to sustain the findings of the department.

Award affirmed, with costs to plaintiff.

BUSHNELL, POTTER, and NORTH, JJ., concurred with MCALLISTER, J.

SHARPE, J. I am not in accord with the opinion of Mr. Justice MCALLISTER. On January 25, 1935, plaintiff filed a petition for further compensation alleging that he could not secure employment by reason of the injury to his eye. After a hearing, an award was made by the deputy commissioner denying plaintiff compensation. No appeal was taken from this award of March 5, 1935, and it therefore stands as an adjudication as of that date. In May,

1937, plaintiff filed another petition for further compensation, alleging that he had lost industrial vision and could not secure employment because of the condition of the eye.

It is settled law in this State that to entitle plaintiff to compensation under the petition last filed by him, it must appear from the evidence submitted that there has been such a change in his physical condition, after the award entered on March 5, 1935, as had lessened his earning ability in the employment in which he was engaged at the time of the accident. *Rice* v. *J. F. Braun & Son,* 271 Mich. 532.

The department of labor and industry based an award upon the fact that plaintiff was unable to secure employment and inferred that this failure to secure employment was due to the condition of plaintiff's eyes. The record fails to show by any competent testimony that plaintiff's failure to secure employment was due to the condition of his eyes. At most it is conjecture.

In *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130, 137, we said:

"The burden of establishing a claim for compensation rests on those seeking the award. * * * If an inference favorable to the applicant can only be arrived at by conjecture or speculation the applicant may not recover. So if there are two or more inferences equally consistent with the facts, arising out of the established facts, the applicant must fail."

Inability to secure employment, plus conjecture as to the cause of the unemployment, is not sufficient to sustain an award. The award of the department of labor and industry should be vacated. Defendant should recover costs.

BUTZEL, C. J., and WIEST and CHANDLER, JJ., concurred with SHARPE, J.