### JOHN JOHNSON'S CASE.

</div>

<div align="center">Suffolk. June 27, 1922. — September 14, 1922.</div>

<div align="center">Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.</div>

*Workmen's Compensation Act,* Partial incapacity; Amount of compensation; Procedure: costs, decree, motion to remand. *Superior Court.*

In proceedings under the workmen's compensation act, the following facts appeared: The employee received injuries arising out of and in the course of his employment as blacksmith on May 14, 1917. The injury was a fracture in the region of the elbow joint, and there was testimony of impairment of movement of the elbow, inability to close the hand, and of pain. He was paid compensation under the workmen's compensation act until December 1, 1917, when he returned to work with the same employer and remained until July, 1921, earning as much or more than before. Such differences in his wages as there may have been from December 1, 1917, to July, 1921, either by increase or decrease, were due to industrial conditions and not to his injury. In July, 1921, he lost his position because of industrial conditions. Thereafter he was able to procure employment elsewhere at his trade at less wages. The Industrial Accident Board found that, after the employee's discharge, his physical disability arising out of the injury had adversely affected his ability to earn wages, and that he was able to do work in his regular calling of blacksmith only within restricted limits, and awarded compensation for partial incapacity from

July 31, 1921. In the Superior Court a decree was entered in accordance with the order of the board. *Held,* that

(1) The findings of fact by the Industrial Accident Board were warranted, and must stand;

(2) Under St. 1911, c. 751, Part II, § 10, as amended by St. 1914, c. 708, in the circumstances above described, the claimant became entitled to compensation for partial disability when his wages were reduced below the amount of his average weekly wages as they were before the injury by reason of an impairment of his physical strength or energy which was directly attributable to the injury, although for a period after the injury he suffered no loss in wages;

(3) The circumstance, that nearly four years intervened between the return to work and the appearance of reduced ability to earn resulting directly from the injury, was no bar to the recovery of compensation.

An appeal by the insurer from the decree of the Superior Court in the proceedings above described was held to present a fair question of law and a motion by the employee for costs under G. L. c. 152, § 14, was denied.

A decree of the Superior Court in a proceeding under the workmen's compensation act, in which it is "ordered, adjudged and decreed" merely "that the decision of the Industrial Accident Board" certified in the proceedings "be affirmed," is improper.

A decree of the Superior Court, entered after consideration of a record certified to it by the Industrial Accident Board in proceedings under the workmen's compensation act, by its own terms must declare the rights of the parties and must contain enough to permit the court itself, if there are proceedings for contempt, to adjudge whether its decision has been flouted, and to enable the sheriff, if execution issues, to ascertain the bounds of his duty.

Statement by RUGG, C. J., of the proper form of a decree to be entered by the Superior Court after consideration of a record certified to it from the Industrial Accident Board in a proceeding under the workmen's compensation act for compensation for partial disability.

While a proceeding for compensation under the workmen's compensation act was pending in this court upon an appeal by the insurer from a decree of the Superior Court awarding compensation in accordance with a decision of the Industrial Accident Board, the insurer prayed for and was denied leave to present a motion asking that the case be "remanded to the Superior Court with instructions that it be returned to the Industrial Accident Board so that it [the insurer] may show that the testimony of the father and son was misleading and false" on the ground that evidence to that effect had been newly discovered, and *it was observed* that the motion properly might be presented to the Superior Court before entry of final decree after rescript, and that that court had power to order a rehearing (the term properly applicable to the proposed motion) before the Industrial Accident Board on the ground of newly discovered evidence, when in accordance with sound practice and settled principles concerning a new trial at common law that course ought to be pursued.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board, affirming and adopting findings of a single member of the board that the claimant on May 14, 1917, in the course of his employment by Bethlehem Shipbuilding Corpora-

tion, received an injury which arose from that employment, that beginning with July 31, 1921, he suffered partial incapacity by reason of such injury, and that "partial incapacity compensation" was due him "at the rate of $10 per week dating from August 1, 1921, and continuing thereafter, subject to the provisions of the workmen's compensation act, the amount due to February 1, 1922, the date of the hearing before the single member, being $262.86."

In the Superior Court, the case was heard by *Sisk*, J. Material evidence and findings of the Industrial Accident Board are described in the opinion. By order of the judge, a decree was entered as follows:

"This case, under the workmen's compensation act and amendments and additions thereto, came on to be heard at this sitting, and was argued by counsel and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the decision of the Industrial Accident Board under date of April 27, 1922, be affirmed."

The insurer appealed.

The case was submitted on briefs.

*L. Brown, E. Field & C. C. McCarthy,* for the insurer.

*P. Sherman & B. V. McLaughlin,* for the employee.

RUGG, C.J. The employee received injuries arising out of and in the course of his employment as blacksmith on May 14, 1917. He was paid compensation under the workmen's compensation act until December 1, 1917, when he returned to work with the same employer and remained until July, 1921, earning as much or more than before. Consequently his ability to earn wages equivalent to those earned before the injury was not during that period affected by his injury, such differences as there may have been, either by increase or decrease, having been due to industrial conditions and not to his injury. In July, 1921, he lost his position because of industrial conditions. Since then he has been able to get work elsewhere at his trade at less wages. It has been found by the Industrial Accident Board that since his discharge his physical disability arising out of the injury has adversely affected his ability to earn wages, and that he is able to do work in his regular calling of blacksmith only within restricted limits.

There is ample evidence to support these findings. The injury was a fracture in the region of the elbow joint, and there was testimony of impairment of movement of the elbow, inability to close the hand, and of pain. Under the familiar rule in this class of cases the findings of the Industrial Accident Board must stand. *Pass' Case*, 232 Mass. 515.

The contention urged by the insurer is that the facts here disclosed do not warrant the renewal of compensation.

It is provided by St. 1911, c. 751, Part II, § 10, as amended (see now G. L. c. 152, § 35), that "While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter" with limitations not now material. This means that under the circumstances here disclosed, when the impairment of physical strength or energy directly attributable to the injury reduces the wages below the average weekly wages before the injury, then there is a right to compensation. This is true even though for a period the employee has suffered no loss in wages. The statute affords compensation for diminished capacity to earn wages attributable to the injury as compared with average weekly wages actually earned before the injury. If for any reason the employee suffers no impairment of wage earning capacity when compared with his average weekly wages prior to the injury, then no compensation is due under the act. While it is true that the employee in common with others must bear the loss resulting from business depression, this does not mean that when the earning capacity is reduced by reason of the injury, there may not be recovery even though business conditions may have become contemporaneously less favorable. It well may be that the reason why the employee suffered no loss in wages from December, 1917, until 1921 was the abnormal conditions produced according to common knowledge by the great war. *Opinion of the Justices*, 231 Mass. 603, 610. Apparently this is an instance where exceptionally high wages and unusually favorable industrial conditions as to labor enabled the employee to avoid an impairment of earning capacity which otherwise the physical injury would inevitably have caused. It is only the recession of those

conditions which now has brought to light in the lowered weekly wage the natural result of the employee's injury. This was the conclusion of the Industrial Accident Board and it cannot be said to be unwarranted in law. *Septimo's Case,* 219 Mass. 430. Authorities like *Durney's Case,* 222 Mass. 461, and *Capone's Case,* 239 Mass. 331, are distinguishable.

The circumstance that nearly four years intervened between the return to work and the appearance of reduced ability to earn resulting directly from the injury is no bar to the recovery of compensation. That is apparent from the history of this section of the act. It was provided in Part II, § 10, as originally enacted, that the period covered by the payment of partial compensation should "in no case . . . be greater than three hundred weeks from the date of the injury." By St. 1914, c. 708, § 5, this period was extended to five hundred weeks from the time of the injury. By St. 1919, c. 205, that express time limit was removed altogether; and G. L. c. 152, § 35, is to the same effect. The force of this change is accentuated by the time limit of five hundred weeks in G. L. c. 152, § 34, as to payments of compensation for total incapacity. The present claim is well within the limit of five hundred weeks from the date of the injury fixed by the statute in force at the time of the injury to the employee. The circumstances here disclosed do not prevent renewal of payment for partial incapacity.

It cannot be held that this proceeding has been defended or this appeal prosecuted "without reasonable ground." G. L. c. 152, § 14. A fair question of law was presented on the record. The employee's motion for costs must be denied. *Meley's Case,* 219 Mass. 136.

The decree entered in the Superior Court was that "the decision of the Industrial Accident Board under date of April 27th, 1922, be affirmed." That is wrong. The Industrial Accident Board is not a court, but an administrative tribunal. *Levangie's Case,* 228 Mass. 213. The Industrial Accident Board cannot enforce its own orders. The workmen's compensation act of necessity provides that the decisions of the board can be enforced by appropriate proceedings in court. St. 1911, c. 751, Part III, § 11 (see now G. L. c. 152, § 11). It is only in that way that such decisions can be enforced. *McNicol's Case,* 215 Mass. 497, 502.

*Brown's Case*, 228 Mass. 31, 38. *Levangie's Case*, 228 Mass. 213, 217. *Bell's Case*, 238 Mass. 46, 52. See *Opinion of the Justices*, 209 Mass. 607, 612. A final order of a court settles rights of parties. It must declare by its own terms what those rights are to the end that they may be enforced. It must inform the parties as to their rights and obligations. It must contain enough to permit the court itself to adjudge whether its decision has been flouted, if there are proceedings for contempt, and to enable the sheriff to ascertain the bounds of his duty, if execution issues. Merely to say that the decision of an administrative board is affirmed satisfies none of these essentials of a judgment of a court.

Practice under the workmen's compensation act conforms in the main to that prevailing in equity. *Gould's Case*, 215 Mass. 480. *Pigeon's Case*, 216 Mass. 51. A final decree in equity must state in plain figures the amount which a party must pay in the way both of debt or damages and costs, as well as every other matter adjudicated. "No decree is a final one, which leaves anything open to be decided by the court." *Forbes* v. *Tuckerman*, 115 Mass. 115, 119. *Stevens* v. *Rockport Granite Co*. 216 Mass. 486, 494. A final decree "provides for all the contingencies which may arise and leaves no necessity for any further order of the court to give to all the parties the entire benefit of the decision." *Gerrish* v. *Black*, 109 Mass. 474, 477. *Shannon* v. *Shepard Manuf. Co. Inc*. 230 Mass. 224, 229. A final decree of the Superior Court under the workmen's compensation act should follow the forms of decrees in equity. *Cowden's Case*, 225 Mass. 66, 68.

Weekly payments to be made in the future hardly can be disposed of finally by a present decree. This is especially true in cases of this nature because the act contains provision for reexamination by the Industrial Accident Board as to weekly payments. G. L. c. 152, § 12. That in the nature of things must be done from time to time as the weeks come. The order for the rate of weekly payment to continue subject to the provisions of the act is a proper part of the decree. The right thus can be declared. The fact of partial incapacity under the act and the payment of the gross sum found already to be due can be disposed of finally. *Churchill* v. *Churchill*, 239 Mass. 443.

Decree is to be entered in this form: "This case came on to be heard at this sitting and was argued by counsel, and thereupon

on consideration thereof, it is ordered, adjudged and decreed that the said John Johnson has partial incapacity for work resulting from personal injury on May 14, 1917, arising out of and in the course of his employment by the Bethlehem Shipbuilding Corporation, for which partial compensation is due at the rate of ten dollars per week from August 1, 1921, and continuing thereafter subject to all the provisions of the Workmen's Compensation Act; and the amount due to February 1, 1922, is two hundred sixty-two dollars and eighty-six cents ($262.86), which sum shall be paid with interest thereon from said February 1, 1922, to the date of payment [G. L. c. 152, § 50] at the rate of six per cent per annum by the insurer," United States Mutual Liability Insurance Company.

This general form is subject to such modification in the Superior Court with appropriate recitals, as the state of the payments actually made by the insurer, if any, prior to its entry may require. See G. L. c. 152, § 17. Whether the decree shall order execution to issue in common form, G. L. c. 214, § 41, or omit such provision, *White* v. *White*, 233 Mass. 39, 44, need not be decided.

The form of the final decree is subject to this further possible contingency. After the case was submitted on briefs and considered by this court the insurer prayed for leave to present a motion to this court asking that the case be "remanded to the Superior Court with instructions that it be returned to the Industrial Accident Board so that it [the insurer] may show that the testimony of the father and son was misleading and false" on the ground that evidence to that effect has been newly discovered. Leave to file such motion in this court is denied. It may appropriately be presented to the Superior Court before the entry of final decree. *Commonwealth* v. *Scott*, 123 Mass. 418. *West* v. *Platt*, 124 Mass. 353. *Day* v. *Mills*, 213 Mass. 585, 587. *Noyes* v. *Noyes*, 224 Mass. 125, 135. The Superior Court has power to remand a case to the Industrial Accident Board for further hearing when justice requires it. *Nelson's Case*, 217 Mass. 467. *Devine's Case*, 236 Mass. 588, 595. *Chisholm's Case*, 238 Mass. 412. This power includes that to order a rehearing (the term properly applicable to the proposed motion) before the Industrial Accident Board on the ground of newly discovered evidence,

when in accordance with sound practice and settled principles concerning a new trial at common law that course ought to be pursued. *Berggren* v. *Mutual Life Ins. Co. of New York*, 231 Mass. 173, 177. *Hunter* v. *Simner*, [1922] 2 K. B. 170.

*Ordered accordingly.*