THOMAS DONNELLY'S CASE.

Suffolk.    November 22, 1922. — January 4, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

A day watchman and doorkeeper sixty-nine years of age, who was receiving $25 per week, received injuries on a February 15, which resulted in a hernia. He refused to permit an operation by reason of his age and under advice wore a truss. He continued at his light work until August, when he "was laid off" because his employer had moved his plant and abolished the position of doorkeeper. He then sought employment without success. In the following February he again was

employed by his former employer at $25 per week. A single member of the Industrial Accident Board found that his earning capacity was reduced by the injury from $25 to $12 per week and, on his findings, affirmed by the full board, compensation was awarded at the rate of two thirds of the difference between $25 and $12 for the period between the August and February succeeding his injury. *Held*, that

(1) The findings of the board, being warranted by the evidence, must stand;

(2) The mere fact, that after the injury the employee was able to continue the light work assigned him by his old employer, was not of itself conclusive on the issue whether "his earning power and labor efficiency were lessened within the meaning of the statute."

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board, with accompanying papers, that the claimant, Thomas Donnelly, who received injuries while employed by Randall-Faichney Company, was entitled to compensation as described in the opinion.

In the Superior Court, the case was heard by *Wait*, J. The Industrial Accident Board adopted findings by a single member of the board, that, when injured, the claimant was earning $25 per week, and that, by reason of his injury, after August 12, 1921, his earning capacity was reduced to $12 per week. Other material facts and evidence are described in the opinion. A decree was entered affirming the findings of facts and rulings of law of the Industrial Accident Board and ordering the insurer to pay to the claimant the sum of $245.42. The insurer appealed.

*J. F. Hoar*, for the insurer.

*M. Hays*, for the claimant, submitted a brief.

DE COURCY, J. Donnelly was employed by the subscriber as a day watchman and doorkeeper. On February 15, 1921, while he was walking toward the elevator in the course of his employment, he struck his right groin against the corner of a desk, causing a hernia. That same day he told the factory superintendent about the accident; and two days later he informed the doctor at the subscriber's plant, whose whole duty it was to treat injuries there. Upon the advice of the doctor he went to the Massachusetts General Hospital, was there informed that he had a hernia; and, upon his refusal to undergo an operation because of his age (sixty-nine years), was advised to wear a truss, and subsequently did so. Donnelly continued at his light work until August 12,

1921, when he was laid off because the subscriber had moved its plant and abolished the position of doorkeeper. The claim of the employee was filed on August 19, four days after the expiration of the six months period. The Industrial Accident Board found that the hernia arose out of and in the course of Donnelly's employment; that the insurer was not prejudiced by the failure of the employee to give the statutory written notice of his injury; that the employee had reasonable cause for his failure to file a claim for compensation before the expiration of the six months period; and that the insurer was not prejudiced by said delay of four days. G. L. c. 152, §§ 44, 49. *Bergeron's Case, ante,* 366. *Barry's Case,* 240 Mass. 409. *Sullivan's Case,* 241 Mass. 36.

The insurer does not now contend that the above mentioned findings were unwarranted. The only question argued on its appeal is "whether or not a finding is justified that there was an incapacity resulting from the injury for which . . . [the employee] should receive compensation." The injury occurred on February 15, 1921, and Donnelly continued at his work without loss of wages until August 12, 1921. Thereafter he worked about a day and a half a week, until February 10, 1922; when he resumed work at his former wage of $25 a week. While he was laid off he sought employment with at least four other concerns, but without success. In the opinion of the impartial physician who examined the employee on February 10, 1922, for the Industrial Accident Board, Donnelly, on account of the hernia, the irritation of the truss, and his age, "is incapacitated from doing any other type of work than that in which he was engaged at the time of his injury; i.e., work of the very lightest type." The board member, after the hearing of October 10, 1921, made a finding that "as a result of the hernia, caused by this injury, although wearing a truss, the employee's earning capacity has been reduced for doing work which he otherwise would be able to do in general employment, and that the injury will interfere with his obtaining employment so that his average earning capacity, as reduced by the injury, has been and still continues since August 12, 1921, to be $12 per week." After the hearing on a recommittal of the case in March, 1922, the member found that "the employee is entitled to partial incapacity compensation at $8.67 a week (being two thirds the difference between $12 and $25) from August 12,

1921, to February 10, 1922, when he obtained employment with the subscriber at $25 a week, viz. 26 weeks amounting to $225.42." The findings were affirmed and adopted by the Industrial Accident Board on review.

Under the established rule, these findings of fact as to the employee's impaired capacity to perform any work but that of the very lightest kind, must stand, as there was some evidence to support them. *Diaz's Case,* 217 Mass. 36. *Pass's Case,* 232 Mass. 515. The mere fact, that after the injury he was able to continue the light work assigned him by his old employer, is not of itself conclusive on the issue whether "his earning power and labor efficiency were lessened within the meaning of the statute." *Capone's Case,* 239 Mass. 331, 333. G. L. c. 152, § 35.

*Decree affirmed.*