### JOSEPH DRAGON'S CASE.

Essex.    March 8, 1928. — May 28, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Renewal of compensation.

At the hearing of a claim by an employee under § 35 of the workmen's compensation act for further compensation after a period of cessation of compensation which, by agreement with the employee, was to be paid during the period of disability, it appeared that the employee had been reëmployed after the injury, and later discharged, and there was conflicting evidence as to whether his discharge was due to his physical condition resulting from his injury or to a state of the industry relating to work for which he was fitted. A single member of the Industrial Accident Board found that the employee's ability to earn wages had been reduced twenty-five per cent because of his injury; such finding was approved by the full board and compensation was ordered accordingly by a decree of the Superior Court from which the insurer appealed. *Held*, that the finding by the board was warranted by the evidence and justified the entry of the decree.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the

Industrial Accident Board awarding further compensation to Joseph Dragon after December 22, 1926, for injuries received by him on December 10, 1923, while employed by Archibald Wheel Company.

Material facts shown by the record are stated in the opinion. In the Superior Court, by order of *Gray*, J., a final decree was entered awarding compensation. The insurer appealed.

The case was submitted on briefs.

*M. A. Cregg & H. A. Cregg*, for the insurer.

*H. Korelitz*, for the claimant.

BRALEY, J. John Dragon, the employee, while working in the shop of the subscriber on December 10, 1923, caught his hand in a planer on which he was working and cut off his third and fourth fingers. In consequence of this accident, he entered into an agreement with the insurer, duly approved by the Industrial Accident Board, whereby the insurer was to pay the employee $16 a week during the period of disability. The insurer also was to pay $10 a week for a period of twenty-five weeks for loss of the third and fourth fingers by amputation, which compensation has been paid. But compensation for disability was paid only to July 8, 1924, when it ceased in accordance with the employee's agreement. G. L. c. 152, § 6. St. 1927, c. 309, § 7. The employee therefore requested a hearing, claiming that he was entitled to further compensation because of his inability to earn his former wages. G. L. c. 152, § 35.

It appeared that the employee resumed the same work for the subscriber at the end of July, 1924, receiving the same wages as were paid before the accident, and remained until December 22, 1926, when he was discharged because the felling department in which he worked was practically closed by reason of changed conditions of business. The board member, whose findings were affirmed and adopted by the Industrial Accident Board, which had before it a transcript of all the evidence, states on testimony which warrants his conclusions, that the employee's ability to earn wages had been reduced twenty-five per cent because of his injury. While there was some evidence of business depression in connection

with the felling department, there also was evidence that the employee's physical incapacity had appreciably impaired his earning power as a normal workman in any employment requiring manual labor.    It warrantably could be found that when the employee returned to the subscriber's works he could not do all the work as he had done it before, and, although other and different employment was furnished, his injury prevented him from performing it satisfactorily.    The employee "could not do the things he did before the accident. Before he got hurt, when looking for work he could say he could do anything, but that is not the case now."

The case at bar is distinguishable from *Driscoll's Case*, 243 Mass. 236, on which the insurer relies.    It was there held that inability to obtain work because of a depressed condition of the industry did not entitle an employee to compensation for partial disability under G. L. c. 152, § 35.

The insurer makes no contention that if the employee is entitled to compensation the amount awarded should be reduced, and for the reasons stated the decree is,

*Affirmed.*