PATRICK O'REILLY'S CASE.

Suffolk. November 16, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Amount of compensation, Finding by Industrial Accident Board. *Evidence*, Presumptions and burden of proof, Matter of common knowledge.

While, at the hearing of a claim by a longshoreman for compensation under the workmen's compensation act, the burden rests on the employee to prove facts necessary to entitle him to compensation, the

Industrial Accident Board, in reviewing a finding by a single member that the employee was entitled to compensation for total disability during a certain period and determining that he was only partially incapacitated during that period, may determine, by the use of their own knowledge and judgment, the amount of an average weekly wage the employee was able to earn although there was no testimony as to what the employee could have earned after his total incapacity ceased.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation to Patrick O'Reilly, who was injured while in the employ of F. Jarka and Company, Incorporated.

Material facts are stated in the opinion. The case was heard in the Superior Court by *Bishop, J.,* by whose order a final decree was entered awarding compensation. The insurer appealed.

*E. Field,* for the insurer.

*R. E. Bigney,* for the claimant.

CROSBY, J. This is a proceeding under the workmen's compensation act. The employee, a longshoreman in the employ of the insured, on September 8, 1927, was cut above the knee of his left leg, and received a contusion of his left little finger, when he was struck by a piece of steel he was removing from a truck. He was paid compensation for total disability to November 8, 1927, at which time it was discontinued by a member of the Industrial Accident Board on application of the insurer. Thereafter, upon further hearing, a board member found that the employee was not "fully able to take up his former work as longshoreman" and awarded him compensation for total disability from November 8, 1927, to January 11, 1928, amounting to $167.14. The Industrial Accident Board, on review, found that the employee was partially incapacitated for work as the result of his injury and was able to earn an average weekly wage of $9 from November 8, 1927, to January 11, 1928, and was entitled to compensation for partial incapacity at the rate of $12 a week during that period, amounting to $111.43. A final decree was entered ordering the insurer to pay that amount; the insurer appealed.

The sole contention of the insurer is that it was error for the board to find "an arbitrary earning capacity in the

absence of evidence as to what the employee could have earned after his total incapacity ceased." Of course, the burden rested on the employee to prove facts necessary to entitle him to compensation. *Sponatski's Case,* 220 Mass. 526. *Sanderson's Case,* 224 Mass. 558, 561, 562. But in the absence of testimony as to the earning capacity of the employee, the members of the board are entitled to use their own judgment and knowledge in determining that question. In *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, an action to recover for breach of a contract of employment, it was said at page 8: "The judge was not precluded from using his own knowledge of practical affairs or applying his judicial sense to the consideration of a matter of such common occurrence as securing employment." In *Walsh's Case,* 227 Mass. 341, where the same question arose as is presented in the case at bar, it was said at pages 344, 345: "We are of opinion that in determining the amount which can be earned by a day laborer the committee and board had a right to act upon their own knowledge."

As no error of law appears, the entry must be

*Decree affirmed.*