### HERBERT W. PERCIVAL'S CASE.

Suffolk.   March 6, 1929. — June 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Workmen's Compensation Act*, Amount of compensation, Partial incapacity, Findings by Industrial Accident Board.

At the hearing by a single member of the Industrial Accident Board of a claim by a travelling salesman for partial incapacity under the workmen's compensation act, there was evidence that the claimant received an injury which resulted in the amputation of his right leg below the thigh and was totally incapacitated for several months; that he then

returned to work and worked for a year at the same work and the same wages; that during such period it took him about twice as long to cover his territory as it had previous to his injury; that at the end of the year his territory was discontinued and he lost his position because of his lessened efficiency as a salesman, although he then "had some talk" with his employer about the employment continuing in a different city and at a different kind of work; and that he made no effort to find work with other employers of the kind he had been doing, but went into business for himself. Testimony respecting what wages the employee was to receive in the new employment talked of with his employer was indefinite. The single member of the board found that the claimant was partially incapacitated as a result of his injury and that his earning ability was reduced one quarter thereby. The board on review found that the reduction was one half and awarded compensation accordingly. On certification to the Superior Court, a decree was entered denying compensation. The employee appealed. *Held*, that

(1) If the finding of the board on review was supported by evidence, it superseded that of the single member so far as it differed therefrom and must stand;

(2) The board's finding of partial incapacity was warranted notwithstanding the circumstances that the employee made no effort to obtain employment; that he may have had an opportunity for other employment by the same employer; and that he worked for the year for his employer at the same work and the same wages as he had received before his injury;

(3) The employee was not barred of compensation merely by having gone into business for himself;

(4) The finding that his ability to earn was reduced one half was warranted: a different finding was not required by the evidence that he received the same wages after his injury as before, nor by the evidence concerning the wages offered him if he should take the new position with his employer;

(5) The board were entitled to use their own judgment and knowledge in determining the extent of incapacity;

(6) The decree was reversed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board awarding compensation to the claimant for partial incapacity resulting from an injury received while in the employ of H. E. Shaw Company.

In the Superior Court, the case was heard by *Bishop*, J., by whose order a decree was entered denying compensation. The claimant appealed. Material evidence and findings by the single member of the Industrial Accident Board and by the board on review are stated in the opinion.

*S. B. Horovitz,* for the claimant.

*G. Gleason,* for the insurer.

FIELD, J.   This is a claim under the workmen's compensation act, for compensation for partial "incapacity for work." G. L. c. 152, § 35. The employee, Herbert W. Percival, on January 16, 1925, while employed by the H. E. Shaw Company received an injury arising out of and in the course of his employment which resulted in the amputation of his right leg below the thigh. The insurer, American Mutual Liability Insurance Company, paid to the employee compensation for total incapacity up to July 10, 1925, and in addition thereto the compensation specifically provided for the loss by severance of his leg above the ankle. G. L. c. 152, §§ 34, 36(b). On March 1, 1925, the employee returned to work and thereafter continued to work for the employer until March 1, 1926. Then he applied for compensation for partial incapacity.

The single member of the Industrial Accident Board found that the employee's weekly wages before the injury were $40, and that his ability to earn wages after March 1, 1926, was seventy-five per cent of his earning ability prior to his injury. The reviewing board affirmed and adopted the findings and decision of the single member except that it found that the employee's ability to earn wages was reduced one half instead of one quarter, that is, $20 per week. It found that the employee was "partially incapacitated as a result of his injury" and, applying the two-thirds rule of the statute (G. L. c. 152, § 35, see St. 1927, c. 309, § 8), found that he was "entitled to partial incapacity compensation at the rate of $13.33 per week, dating from March 1, 1926." Certified copies of the decision of the reviewing board and the papers in connection therewith were filed seasonably in the Superior Court. All the material evidence was reported. The court decreed "that the employee is not entitled to compensation at this time." From this decree the employee appealed.

If the finding of the reviewing board that the employee was partially incapacitated as a result of his injury and that his ability to earn wages was reduced one half is supported by evidence, it must stand, superseding the finding of the

single member. *Savage's Case*, 257 Mass. 30. *Johnson's Case*, 258 Mass. 489. See also *Pass's Case*, 232 Mass. 515; *Jameson's Case*, 254 Mass. 371.

It appeared in evidence that for several years before his injury the employee was a salesman for the employer, soliciting orders for cigars, tobacco, pipes and cigarettes in a territory including Norfolk County and parts of Middlesex, Worcester and Plymouth counties. He lived in Wollaston. He covered his territory by driving an automobile throughout the day, making stops and getting in and out of his automobile at the retail stores at which he solicited orders. The employee testified that from March 1, 1925, when he returned to work after his injury, until March 1, 1926, when he lost his position because of the discontinuance of his territory by his employer, he did the same kind of work and received the same wages therefor as before his injury. He testified that he made no effort after he lost his position to obtain similar work from any other jobber or wholesaler, but that instead he started to do business for himself as a jobber in smokers' articles and some other things. He also testified that shortly before he lost his position he had some talk with his employer about taking a position in the employer's place of business in Worcester, and there was other testimony as to this possible employment. The evidence warranted the finding which was made by the single member and affirmed by the reviewing board that "the employee had an opportunity to continue working for the employer at a job, which was to a considerable extent being created to take care of him in this case . . . . This employee lived in Wollaston and there he owned his home and had formed his acquaintances and alliances. The proposed work was in Worcester and required that he should give up his home in Wollaston and establish a new residence in Worcester. While it may be that the job in Worcester would have been a lasting one, this was by no means certain . . . it was not the same kind of work which he was doing when hurt." No finding was made as to the wages which the employee was to receive in this position, and the testimony with respect thereto was somewhat indefinite.

There was testimony from which it could have been found that after his injury and because of it the employee in the position in which he was employed was able to do less work and consequently brought in less business than before his injury, and that his territory was discontinued and he lost his position because of his lessened efficiency as a salesman. This was evidence that the employee's ability to pursue his former occupation was impaired by his injury and therefore some evidence that partial "incapacity for work" resulted therefrom. In view of this evidence the board was warranted in finding that the employee was partially incapacitated even though it did not appear that he had made any effort to obtain employment. See *Walsh's Case*, 227 Mass. 341; *Barry's Case*, 235 Mass. 408; *Osborne's Case*, 257 Mass. 532. See also *Septimo's Case*, 219 Mass. 430, 433; *Dragon's Case*, 264 Mass. 7. His election to go into business for himself did not, of itself, bar him from compensation. *Driscoll's Case*, 243 Mass. 236, is distinguishable for it did not appear in that case as it does here that the employee's efficiency in his former employment was impaired by the injury; so also in *Capone's Case*, 239 Mass. 331, 333. There is nothing in the facts found by the single member, and affirmed by the board, in regard to the employee's opportunity for employment in Worcester which is inconsistent with the board's finding of partial incapacity. Nor is there anything necessarily inconsistent therewith in the finding that after his injury the employee worked for the employer for a year at the same kind of work and for the same wages as before his injury. *Johnson's Case*, 242 Mass. 489. *Donnelly's Case*, 243 Mass. 371. *Dragon's Case, supra*.

We cannot say that the finding that the employee's ability to earn wages was reduced one half was not warranted. There was testimony to the effect that after his injury, while continuing to work for the employer, it took him about twice as long to cover his territory as before his injury. Furthermore, the members of the board were "entitled to use their own judgment and knowledge in determining that question." *O'Reilly's Case*, 265 Mass. 456, 458. See also *Walsh's Case, supra; Carmossino's Case, ante,* 35. The

board was not concluded by the wages paid to the employee by the employer after the injury. *Johnson's Case, supra. Donnelly's Case, supra. Dragon's Case, supra. Carmossino's Case, supra.* Nor was the employee's earning capacity necessarily determined by the wages which according to the testimony would have been paid to him if he had accepted the position offered to him in Worcester. The weight to be given to this testimony in the light of all the circumstances of the offer was for the board. *McCarthy's Case*, 231 Mass. 259.

The decree must be reversed and one entered in accordance with the findings and decision of the board.

*So ordered.*