MICHAEL J. RILEY'S CASE.

Suffolk.   November 6, 1931. — February 1, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board,
    What constitutes disability, Amount of compensation, Costs.

Although the record, on an appeal by the insurer in proceedings under
    the workmen's compensation act from a decree of the Superior Court
    in accordance with a decision of the Industrial Accident Board award-
    ing compensation for partial incapacity to an employee who, after
    losing a portion of one finger and of his thumb as the result of an injury,
    later returned to work and worked more than two years before being
    discharged, conveyed a strong impression that the employee's failure
    to get work thereafter was due wholly to business depression, this
    court *held*, that the decision of the board and the decree of the Superior
    Court were not unwarranted, since the record also set forth some testi-
    mony by the employee to the effect that he could have procured work
    if he had had a good hand.
St. 1930, c. 208, is constitutional.  Following *Ahmed's Case, ante,* 180.
It could not be said that the appeal above described was prosecuted by the
    insurer without any reasonable ground so that the employee should be
    awarded costs under G. L. c. 152, § 14.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision by the
Industrial Accident Board awarding compensation.

It appeared that the claimant returned to work on March
26, 1928.  The single member of the board stated in his
decision, "I feel he [the claimant] has an earning capacity
of $24 a week and is entitled to partial compensation at the
rate of $2.33 per week, which is two-thirds of the difference
between $27.50, his average weekly wage at the time of his
injury, and $24, his present earning capacity."

Other material evidence and findings are stated in the
opinion.  In the Superior Court, a decree was entered by

order of *Weed*, J., in accordance with the board's decision. The insurer appealed.

*E. E. Andrews*, for the insurer.

*S. B. Horovitz & B. A. Petkun*, for the claimant.

RUGG, C.J. The employee received injury arising out of and in the course of his employment on November 12, 1927, resulting in the amputation of a portion of the ring finger of his right hand and of the tip of his right thumb. He received disability and specific compensation and thereafter returned to his former employment without reduction in wages. He worked until September 5, 1930, when he was discharged for lack of work. The present petition relates to compensation for partial disability since that date. He searched in many places for work and was refused because of business conditions. He was given some work by the town in which he lived. He testified that if he had a good hand he could get work. Asked to tell where he could get a job, he replied that he was an old tree trimmer and bug man and could take contracts himself in the fall trimming and cutting trees, and could put on storm doors and windows, except that he could not handle a hammer or screw driver with his hand. There was no other evidence that such work was available to him. He also testified that he had "looked around everywhere he could to find work. He could have got a job but he couldn't handle the bags. His grip isn't good." The finding of the board member, affirmed and adopted by the reviewing board, was that it "would appear from the evidence that this employee could do pick and shovel work without much difficulty if he could get it."

The strong impression derived from reading the record is that the failure of the employee to get work was due wholly to business depression. If that were the fact, there could be no recovery under the workmen's compensation act. *Johnson's Case*, 242 Mass. 489, 492–493. *Driscoll's Case*, 243 Mass. 236, 239, and cases cited. In view, however, of the evidence given by the employee as above stated, slender though it is, we do not think it can quite be held as matter of law that there is nothing to support the

finding that his injury was a cause of his unemployment. If that finding has any support in the evidence, it must stand.

There is no sound ground for reversing the finding as to the calculation of the impairment of earning capacity due to the injury. That must be accepted.

The award of costs to be paid to the employee by the insurer under St. 1930, c. 208, amending G. L. c. 152, § 10, is attacked on the ground that that statute is unconstitutional. That question has been decided adversely to the contention of the insurer by *Ahmed's Case, ante,* 180, where the matter is discussed at large.

The employee urges that costs be awarded to him under G. L. c. 152, § 14, on the ground that this appeal is frivolous. It cannot rightly be said that this appeal was prosecuted without any reasonable ground. *Meley's Case,* 219 Mass. 136. *Johnson's Case,* 242 Mass. 489, 493.

*Decree affirmed.*