DONALD MORRELL'S CASE.

Suffolk.    December 10, 1931. — March 15, 1932.

Present: RUGG, C.J.; PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Partial incapacity, Findings by Industrial Accident Board.

Findings by the Industrial Accident Board in proceedings under the workmen's compensation act, that the employee, a carpenter, had received an injury to his eye about five years previously, which resulted in total loss of vision in that eye; that, because of his injury, he was unable to perform carpentry work and thereby did not receive increases in wages which he would have received in the natural

and ordinary conditions prevailing in his trade; and that he was able to perform certain kinds of work, justified an award of compensation for partial incapacity during such five years with a reservation of the employee's rights to further compensation.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding specific compensation and compensation for partial incapacity from January 18, 1926, to December 1, 1930, with a reservation of rights to further compensation.

Material findings by a single member of the board, which were affirmed and adopted by the board in review, are stated in the opinion. In the Superior Court, a decree was entered by order of *Bishop*, J., in accordance with the board's decision. The insurer appealed.

*E. J. Sullivan*, for the insurer.

*R. B. Owen*, (*A. S. Lawrence* with him,) for the claimant.

WAIT, J. This is an appeal from a decree ordering payment of compensation and costs under G. L. c. 152, the workmen's compensation act. The employee was injured while a minor working and earning $30 per week as a carpenter in the employ of one White. He fell and cement entered his eyes on November 21, 1925. Under an agreement approved by the Industrial Accident Board, he was paid compensation at the rate of $16 per week until he signed a discontinuance agreement on January 18, 1926. His present claim was filed in January, 1931, for compensation for partial disability since January of 1926. A single member and the board on review found total loss of vision of the right eye for which specific compensation in $500 ($10 per week for fifty weeks) is awarded; (G. L. c. 152, § 36, as amended); that in the natural and ordinary conditions prevailing in the employment in which he was engaged, if it had not been for his injury he would have received increases in wages from $30 per week to $34.80 on February 1, 1926, an increase to $39.60 on August 1, 1926, and, on August 1, 1928, to $43.20, the maximum in the employment of the subscriber (the employer in whose service he was when injured); that, because of his injury,

on January 18, 1926, he was unable to perform his former occupation; that he was partially incapacitated for work and able to perform many types of work at which he could earn an average weekly wage of $20 per week up to February 15, 1927, and an average weekly wage of $25 up to December 1, 1930. No claim was made for compensation subsequent to December 1, 1930; but provision was made in the decree reserving rights subsequent thereto, because of the nature of the injury. No question of the propriety of the order for specific compensation is raised; but the insurer contends that there is error because no sufficient evidence of incapacity was adduced.

The member and the board ruled that the burden was upon the employee to prove incapacity as the result of his injury, and that there was no presumption that he would sustain a partial incapacity as the result of his injury. Both refused rulings that he had not sustained the burden of proof of incapacity because of his injury between dates set out in the request. They found that he had shown that incapacity — lessened eyesight in one eye and eventual total loss of vision in that eye — resulted from the injury; and that he had sustained the burden of proof.

We find no error. The evidence of the loss of eyesight was uncontrolled. This of itself would furnish some evidence of incapacity for work. The evidence of increases in rates of pay as a carpenter and that the employee if he had continued uninjured in the employ would have received them also was uncontrolled. Since the findings are of fact and there was some evidence to sustain them, they must stand. *Corbett's Case*, 270 Mass. 162. We need not consider in detail the evidence which the insurer argues did not support the findings of fact. The employee's efficiency in his former employment as a carpenter was found to be impaired. This establishes a partial incapacity. *Percival's Case*, 268 Mass. 50, 54. Evidence that he had tried to obtain work was not essential.

*Decree affirmed.*