### MARY J. MANLEY'S CASE.

Suffolk.    December 7, 1932. — February 14, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act*, Incapacity.

Although it appeared, in proceedings under the workmen's compensation act, that the employee, who had lost the ends of three fingers of his right hand as a result of an injury arising out of and in the course of his employment, returned to the same work about six months later and worked, not as well as before, for nearly two years, when he was discharged for lack of work, a finding was warranted that his failure thereafter to obtain work was due in part to incapacity resulting from his injury: the fact that his hand obviously was maimed warranted a conclusion that in many lines of business he would be under a handicap, not only in working, but also in obtaining work.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence is stated in the opinion. In the Superior Court, a decree in accordance with the board's decision was entered by order of *F. J. Donahue*, J. The insurer appealed.

*E. Field*, (*R. H. Field* with him,) for the insurer.

*J. Finnegan*, for the claimant.

LUMMUS, J.    On June 26, 1929, the employee, a comptometer operator, lost the ends of three fingers of her right hand while cutting time cards in the course of her employment for the Bethlehem Shipbuilding Corporation, Ltd. She was paid specific compensation under G. L. (Ter. Ed.) c. 152, § 36, and also weekly compensation until December 1, 1929, when she resumed her former work for the same corporation.

She was unable to work as well as before, because her fingers were tender and blunted. On October 31, 1931, she was discharged for lack of work, and has been unable to get work since, although she has diligently sought other employment. The Industrial Accident Board awarded weekly compensation for partial incapacity since October 31, 1931, and the Superior Court entered a decree accordingly. The insurer appealed.

Compensation cannot be awarded for lack of employment due to depressed business or want of demand for labor; diminished earning capacity resulting from the injury must be shown. *Korobchuk's Case,* 277 Mass. 534. *Lavallee's Case,* 277 Mass. 538. *Riley's Case,* 278 Mass. 257. But the finding that the employee's failure to get work was due in part to "incapacity for work resulting from the injury" (G. L. [Ter. Ed.] c. 152, § 35) is not without some support in the evidence. Her hand is obviously maimed, and that fact, without further evidence (*O'Reilly's Case,* 265 Mass. 456; *Percival's Case,* 268 Mass. 50, 54), warrants a conclusion that in many lines of business she would be under a handicap, not only in working (*Morrell's Case,* 278 Mass. 485; *Hurwitz's Case,* 280 Mass. 477), but also in obtaining work. *Sullivan's Case,* 218 Mass. 141. *Duprey's Case,* 219 Mass. 189. *Lacione's Case,* 227 Mass. 269. *Capone's Case,* 239 Mass. 331. *Hurwitz's Case,* 280 Mass. 477. The employee testified that, in one of the places at which she applied unsuccessfully for employment, she noticed that her hand was being observed.

*Decree affirmed.*