ALSTON ROYAL'S CASE.

Suffolk.    December 8, 1933. — May 25, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Amount of compensation, Appeal, Costs.

At the hearing of an application by an employee in 1933 under the workmen's compensation act for further compensation by reason of partial incapacity beginning in January, 1932, due to an injury received in April, 1928, compensation for which had been suspended, with a reservation of rights, in August, 1928, because of his return to work at the same wages he had received before his injury, there was evidence that his injury had been four fractures in his left forearm; that his employment had been as a crane operator, at which, before the injury, he had received $35 per week; that his injury had lessened his ability to close his left hand and had caused pain in the left arm and wrist; that the motion of his arm was otherwise impaired as a result of his injury; that at the time of the hearing he operated a crane "off and on," but not without considerable pain and not so fast as before his injury; that he got whatever work there was for him; and that, aside from

the work as crane operator, he did pick and shovel work and piling of lumber. The employee testified. An impartial physician reported as to the extent of the permanent disability of the employee and the limitations upon the usefulness of his left arm due to the injury. There was considerable evidence touching the effect of the business depression upon wages and upon opportunity for work. There was in evidence a record showing that the actual earnings of the employee from January 7, 1932, to December 29, 1932, were $865.30. The single member found, and the Industrial Accident Board confirmed the finding, that since January, 1932, the employee's earning capacity had been reduced twenty-five per cent because of the injury, and on that basis awarded compensation. From a decree of the Superior Court in accordance with that decision, the insurer appealed. *Held,* that

(1) While the capacity of the employee to work and to earn wages in his condition might have been found not susceptible of exact proof, such proof might rest in part upon observation of the physical appearance of the employee and the testimony of others and the report of the impartial physician;

(2) The finding by the Industrial Accident Board and the decree by the Superior Court were warranted.

The provisions in G. L. (Ter. Ed.) c. 261, respecting costs in civil actions, do not apply in proceedings under the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation for partial incapacity.

In the Superior Court, the case was heard by *Swift*, J. There was in evidence a record showing that the actual earnings of the employee from January 7, 1932, to December 29, 1932, were $865.30. Other material evidence and findings appearing in the record are described in the opinion. A final decree was entered in accordance with the decision by the Industrial Accident Board. The insurer appealed.

*H. F. Tracy*, for the insurer, submitted a brief.

*S. B. Horovitz*, (*B. A. Petkun* with him,) for the claimant.

RUGG, C.J. It is agreed that on April 5, 1928, the employee received an injury to the left forearm, where there were four fractures, and was paid compensation for total disability up to August 26, 1928. At a hearing on July 15, 1930, it appeared that he had returned to work and earned as high wages as before his injury and that he was not entitled to further compensation at that time, but his rights were left open under § 12 of the workmen's com-

pensation act. G. L. (Ter. Ed.) c. 152. No appeal was taken from that decision. The case was heard again before a single member on May 2, 1933, on the question of partial incapacity of the employee since January 7, 1932. At that hearing there was evidence tending to show that the effect of his injury was that on trying to close his left hand the fingers would not come nearer than one half inch of the palm and that he could not grip anything with that hand the size of a pencil; that he had trouble with his elbow and with his grip, that he had pain in the left arm and wrist, and that the motion of his arm was otherwise impaired as a result of his injury.

The insurer contends that the Industrial Accident Board has made but one finding of fact, to the effect that the earning capacity of the employee has been reduced twenty-five per cent as a result of the injury and that his present earning capacity was $26.25 per week. It is urged that this finding is not warranted by the evidence. Compensation was awarded on the basis of the difference between $26.25 and $35 per week, his wages at the time of the injury.

The evidence tended to show that the employee was a crane operator; that he now "operates a crane off and on." He cannot do that without considerable pain, and not so fast as before the injury. He has not got the movement in his wrist; he has to run two controls with the left hand and one with the right. He cannot run the crane with one hand very well. He has also done some pick and shovel work for a week or so off and on. He worked in considerable pain all of the time, but did it because he had to. Since January, 1933, he has been working around the yard piling lumber, but he cannot handle it so well nor pile so much as before the accident, because his wrist pains him continually. There are five crane operators working for the employer, and the employee gets whatever work there is for him. Aside from that, he does pick and shovel work and the piling of lumber.

The evidence is not very satisfactory as to the extent to which the earning capacity of the employee had been

reduced because of his injury. The findings are lacking in the preciseness of those made in *Durney's Case*, 222 Mass. 461. There is considerable evidence touching the effect of the business depression upon wages and upon opportunity for work. The employee was a witness. He testified concerning the impairment of his ability to work. An impartial physician reported as to the extent of the permanent disability of the employee and the limitations upon the usefulness of his left arm due to the injury. The capacity of the employee to work and to earn wages in his present condition without regard to the business depression might have been found not to be susceptible of exact proof. It might rest in part upon observation of the physical appearance of the employee and the testimony of others including the impartial physician. *O'Reilly's Case*, 265 Mass. 456, 458. *Percival's Case*, 268 Mass. 50. *Dragon's Case*, 264 Mass. 7. This finding cannot be pronounced to be without support in the evidence.

There is little if any evidence to the effect that there were no opportunities to secure work as a full time crane operator, or that the employee made any effort to obtain work of that nature. There was some evidence that he had unsuccessfully tried on two occasions to get employment of a different kind. *Capone's Case*, 239 Mass. 331. In *Driscoll's Case*, 243 Mass. 236, a beater engineer in a paper mill who had lost his left arm by injury arising out of and in the course of his employment but who subsequently was able to and had performed his former work, later left that employment and went into business for himself. There was evidence that he made no effort to get employment as beater engineer at other mills. The only basis in present ability to earn wages for the weekly payment ordered was the amount he was able to withdraw from his business. It was held that, as the injury did not prevent the employee from pursuing his former occupation and the evidence did not warrant the finding that he could not secure work in it, other employment did not furnish a measure of compensation. The force of this decision was not narrowed by anything said in *Morrell's*

*Case*, 278 Mass. 485, where loss of eyesight in one eye was involved. The case at bar is close upon this point. We think, however, that it is distinguishable from the *Driscoll* case because the present employee has continued his former employment although work has been slack.

The employee contends that "the whole cost of the proceedings shall be assessed" upon the insurer under G. L. (Ter. Ed.) c. 152, § 14, on the ground that its appeal from the decree of the Superior Court was prosecuted "without reasonable ground." We are of opinion, however, that it cannot quite be said that this appeal was prosecuted without any reasonable ground. *Meley's Case*, 219 Mass. 136, 139. *Mills's Case*, 258 Mass. 475. *Riley's Case*, 278 Mass. 257, 259. Compare *Wilson* v. *Dorflinger & Sons*, 218 N. Y. 734.

The employee contends that he is entitled to costs under G. L. (Ter. Ed.) c. 261, which provides for costs to the prevailing party in all civil actions except as otherwise provided. That contention is presented for the first time so far as we are aware in the numerous cases that have come before this court under the workmen's compensation act. It cannot be supported. The workmen's compensation act was a new kind of legislation in this Commonwealth. It differed in almost every essential particular from existing equitable or common law remedies. It substituted an optional method of accident insurance with specified ranges of payments in place of common law rights and liabilities for large classes of employees and employers. It provided a procedure all its own. *Gould's Case*, 215 Mass. 480. *Young* v. *Duncan*, 218 Mass. 346, 349. Its purpose and scope make plain that the legislative intent in enacting it was to cover the whole field to which the statute relates and to supersede all other provisions of law touching that subject. That principle is familiar and often is applied. *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353, 356–357, and cases collected. There has constantly been in the act the equivalent of G. L. (Ter. Ed.) c. 152, § 14. St. 1911, c. 751, Part III, § 14. We think it clear that this was intended to be the only pro-

vision as to costs and that thereby other statutory provisions that might be thought relevant were excluded.  Compare St. 1930, c. 208.  *Ahmed's Case,* 278 Mass. 180.

*Decree affirmed.*