CARMELA MALIGNAZZI'S CASE.

Essex.   December 7, 1949. — February 7, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act*, Amount of compensation.

A discontinuance of compensation for partial disability under the work-men's compensation act upon the employee's returning to work, although made without the written consent of the employee or the approval of the department of industrial accidents or a member thereof, was proper under G. L. (Ter. Ed.) c. 152, § 35, as amended, and § 29 as appearing in St. 1937, c. 382, where it appeared that after the return to work the employee received average weekly wages, including "general wage increases," in excess of his average weekly wages at the time of his injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board in a workmen's compensation case.

The case was heard by *Sullivan, J.*

*R. A. A. Comparone,* for the claimant.

*M. J. Aldrich,* for the insurer.

LUMMUS, J.   The employee on January 12, 1945, received an injury to her left wrist, which arose out of and in the course of her employment by the American Woolen Company.   Compensation for total disability at the rate of $19.30 a week, based on an average weekly wage of $28.95, was paid until December 19, 1945.   On that day a single member decided that partial disability existed, and awarded the employee partial compensation at the rate of $12.63 a week

"from the date of the filing of this decision and continuing, subject to the provisions of the act." This partial compensation was paid to her until January 20, 1946, when she returned to work and compensation to her was discontinued. She did not sign an agreement of discontinuance.

On May 5, 1947, a single member, after a hearing, dismissed a claim for compensation subsequent to her return to work, finding that the employee's "average weekly earnings" after the injury were in excess of her average weekly earnings at the time of the injury. G. L. (Ter. Ed.) c. 152, § 35, as it appears in St. 1946, c. 321, § 3. On July 7, 1947, the reviewing board referred the case back to the single member. On June 23, 1948, the single member found "that the employee's earnings exceeded her average weekly wage at the time of the accident, and . . . that the discontinuance of compensation by the insurer was in accordance with provisions of G. L. c. 152, § 29."

The reviewing board, on October 7, 1948, affirmed and adopted the findings and decision of the single member, and dismissed the claim for further compensation. In making this decision, the reviewing board ruled "that the general wage increases which the employee received and which averaged in excess of her average weekly wage were part of such wages to be considered in determining her earning capacity." This ruling was in accord with *Johnson's Case*, 242 Mass. 489, 492. Pursuant to an order of recommittal by the Superior Court on December 14, 1948, the reviewing board reported the evidence on which it was found that the discontinuance of compensation by the insurer was "in accordance with the provisions of § 29 of the act." The Superior Court dismissed the employee's claim for further compensation, with costs, and the employee appealed to this court.

General Laws (Ter. Ed.) c. 152, § 29, as it now appears in St. 1937, c. 382, provides that "When compensation shall have begun it shall not be discontinued except with the written assent of the employee, or with the approval of the department or a member thereof, granted only after an impartial examination or after a personal interview with the

employee by a member or employee of the department or after failure of the employee to report for or submit to such examination or interview after reasonable notice by the department; provided, that such compensation shall be paid in accordance with section thirty-five if the employee in fact earns wages after the original agreement or decision is filed." General Laws (Ter. Ed.) c. 152, § 35, as amended, provides that "While the incapacity for work resulting from the injury is partial, the insurer shall pay the injured employee a weekly compensation equal to the entire difference between his average weekly wage before the injury and the average weekly wage he is able to earn thereafter," but not more than a specified sum a week.

The employee contends that the discontinuance of compensation was unlawful because not upon her written assent nor with the approval of the department or a member thereof granted as required in § 29. But the provisions of that section are qualified and governed by the proviso thereof. This case falls within the proviso; the employee did in fact earn wages after the original decision was filed. In that situation the provisions for assent of the employee or approval of the department or a member do not apply, but compensation is governed by § 35. No compensation is due under the latter section, because the employee earned more than she was earning at the time of the injury. In our opinion the construction of the relevant statutes adopted by the board and the court below was right.

*Decree affirmed.*